# United States Court of Appeals for the Federal Circuit

---

**HARVEST O. TOOMER,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7045

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-4086, Chief Judge Bruce E. Kasold.

---

Decided: April 21, 2015

---

ETHAN LEE, Fenwick & West, LLP, Mountain View, CA, argued for claimant-appellant. Also represented by LAWRENCE T. KASS, Milbank, Tweed, Hadley & McCloy, LLP, New York, NY.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by LOREN MISHA PREHEIM, STUART F. DELERY, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; CHRISTA A. SHRIBER, Y. KEN LEE, CHRISTINA LYNN GREGG,

Office of General Counsel, United States Department of
Veterans Affairs, Washington, DC.

_____

Before REYNA, CLEVENGER, and WALLACH, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* WALLACH.

Dissenting opinion filed by *Circuit Judge* REYNA.

WALLACH, *Circuit Judge.*

Appellant Harvest O. Toomer appeals an order of the
United States Court of Appeals for Veterans Claims
("Veterans Court") dismissing his appeal as untimely
filed. *See Toomer v. Shinseki*, No. 09-4086 (Vet. App.
Sept. 6, 2013) (Appellant's App. ("App.") 1–5) (the
"Order"); *see also In re Toomer*, No. 05-24 637A (Bd. of
Veterans Affairs June 2, 2009) (App. 13–20) (the "Board
Decision"). For the reasons set forth below, this court
affirms.

BACKGROUND

Mr. Toomer served in the United States Army on
active duty from August 1971 to August 1974. Mr.
Toomer sought veterans benefits for degenerative disc
disease, which he contended was "causally related to an
in-service back strain from lifting heavy objects in August
1972." Board Decision at 4. In September 2004, a
Regional Office of the United States Department of
Veterans Affairs ("VA") denied the claim.

In 2009, the Board of Veterans' Appeals (the "Board")
also denied the claim because it found Mr. Toomer's
injuries were not service-connected. In doing so, the
Board relied on a 2007 VA examination, finding that
although Mr. Toomer was treated for a back strain during
service in August 1972, there was no objective evidence
from subsequent clinical visits to indicate his current
back pain was connected to the August 1972 injury; that

an August 1972 x-ray was within normal limits (with the exception of minimal scoliosis); and that "after January 1973, there were no further complaints of back pain during the remainder of [Mr. Toomer's] service." *Id.* at 6. The examiner also reported "given the Veteran's age and potential post-service spine injuries, particularly when considering his post-service occupational duties as a construction worker, which placed him at risk for spine trauma, there was no objective evidence to support his claim." *Id.* The Board also relied on a subsequent 2009 VA examination by a specialist who found Mr. Toomer's "current back disabilities were not related to service." *Id.* at 7. According to the Board, the Board Decision was sent to Mr. Toomer on June 2, 2009.

On July 27, 2009, however, Mr. Toomer informed the VA by telephone that he had not yet received the Board Decision. He was informed a decision had already been entered and another copy would be mailed to him. On August 4, 2009, the VA mailed a cover letter to Mr. Toomer with a date-stamp of "AUG 04 2009," stating:

> On June 2, 2009, the [Board] entered a decision in your appeal, a copy of which was mailed to your most recent address of record at that time. However, on July 27, 2009, you informed VA that you had not yet received your copy.
>
> I am furnishing you with *another copy of the Board's June 2, 2009 decision.*

App. 24 (emphasis added). Along with this letter, the VA enclosed: (1) a copy of the VA's cover letter to Mr. Toomer hand-dated "6/02/09," App. 12; (2) a copy of the Board's June 2, 2009 decision, also hand-dated "6/02/09" with a stamped "FILE COPY" over the signature block, App. 13–20; and a copy of VA Form 4597 ("Form 4597"), which is a notice of appellate rights, stating the veteran has "120 days from the date this decision was mailed to you (*as shown on the first page of this decision*) to file a Notice of

Appeal," App. 21 (emphasis added). On October 28, 2009, more than 120 days from the date of the June 2, 2009, Board Decision, but within 120 days of the August 4, 2009, letter, Mr. Toomer filed a notice of appeal with the Veterans Court.

On April 14, 2010, the Veterans Court dismissed Mr. Toomer's appeal as untimely after determining it was filed outside the 120-day appeal period established by 38 U.S.C. § 7266(a) (2006), which the court found to be jurisdictional and therefore not subject to equitable tolling. Mr. Toomer appealed to this court, which stayed his appeal pending the United States Supreme Court's decision in *Henderson v. Shinseki*, 562 U.S. 428 (2011). In *Henderson*, the Court reversed this court, concluding the 120-day period to file a notice of appeal to the Veterans Court is not jurisdictional. *Id.* at 438. As a consequence, both the Veterans Court and this court have treated the filing period as subject to equitable tolling. *See, e.g., Sneed v. Shinseki*, 737 F.3d 719, 726 (Fed. Cir. 2013); *Bove v. Shinseki*, 25 Vet. App. 136, 139 (2011). In *Henderson*, the Court reversed this court, concluding the 120-day period to file a notice of appeal to the Veterans Court is not jurisdictional and is therefore subject to equitable tolling. *Id.* at 438. Accordingly, on May 25, 2011, this court granted the VA's unopposed motion to vacate and remand for further adjudication. *Toomer v. Shinseki (Toomer I)*, 424 F. App'x 950 (Fed. Cir. 2011) (unpublished).

On remand, on January 20, 2012, the Veterans Court ordered Mr. Toomer to show cause why his appeal should not be dismissed for failure to file within the 120-day period. In response, Mr. Toomer argued (1) there was "clear evidence" the VA did not mail the Board Decision in June 2009 because Mr. Toomer contacted the VA in July 2009 to inform the VA he had not received it, and the VA was "unable to show that the Board decision was properly mailed," App. at 55 (capitalization omitted); (2) the VA's

mailing of an unsigned copy of the Board Decision in August violated agency procedures; and (3) in the alternative, his filing should have been equitably tolled because Mr. Toomer acted with reasonable diligence when he contacted the VA regarding the status of his claim before expiration of the 120-day period, and because Form 4597 misled him into believing his notice of appeal could be filed within 120 days of the August mailing. In response to a separate order, the VA submitted evidence that (1) the Board Decision was mailed to Mr. Toomer's last known address on June 2, 2009, and (2) the mailing was not returned as undeliverable.

On March 12, 2012, the Veterans Court again dismissed Mr. Toomer's appeal as untimely filed. *Toomer v. Shinseki*, No. 09-4086, 2012 WL 762844, (Vet. App. Mar. 12, 2012) (Appellee's App. ("Supp. App.") 1–3). The court considered Mr. Toomer's proffered evidence that the VA had not mailed the Board Decision on June 2, 2009, but found it did not rise to the level of clear evidence necessary to rebut the presumption of regularity. Supp. App. 2 ("Although the appellant's informing a VA representative in July that he had not received the decision provides some evidence that he did not receive the decision in June, it does not constitute clear evidence that the decision was not mailed to the proper address in June, especially in light of the evidence provided by the Secretary, which includes a sworn affidavit that the decision was mailed to the appellant's last known address and also to his veterans service representative on the date of decision, and computer screenshots of the Board's computerized tracking system noting that a cover letter was created on June 1, and the appeal decided on June 2."). The court also acknowledged the 120-day period for filing a notice of appeal is not jurisdictional, but found Mr. Toomer had failed to demonstrate his circumstances were extraordinary, and therefore warranting equitable tolling.

On a second appeal to this court, the Veterans Court's decision was again vacated and remanded after this court found the Veterans Court erred by failing to consider Mr. Toomer's evidence as a whole in deciding whether he rebutted the presumption of regularity. *Toomer v. Shinseki* (*Toomer II*), 524 F. App'x 666, 669 (Fed. Cir. 2013) (unpublished) ("[T]he Veterans Court must first consider the totality of the evidence the veteran presents to rebut the presumption, and then, if the Veterans Court determines it rises to the level of clear evidence, consider if the government has shown by the preponderance of the evidence that the challenged action actually occurred."). This court noted Mr. Toomer's contacting the VA "is certainly relevant to the question of whether the VA mailed the decision in June," but "does not . . . alone rise to the level of clear evidence of irregularity." *Id.* However, this court noted the mailing of the second courtesy copy of the Board Decision was "at least some evidence that [the] first mailing was irregular" and, because "[t]he irregularities in the second mailing should have been considered when the Veterans Court weighed Toomer's evidence of rebuttal of the presumption of regularity," and because the court "failed to consider Toomer's evidence separately from the [VA's]," this court remanded. *Id.* at 670. This court declined to reach Mr. Toomer's alternate equitable tolling argument, stating if on remand "the Veterans Court concludes that Toomer did not overcome the presumption of regularity, then Toomer would not be entitled to equitable tolling because he cannot show that the government violated its procedures with regard to his Board decision." *Id.*

On remand, the Veterans Court issued the September 6, 2013 Order now before this court, again dismissing Mr. Toomer's appeal as untimely. In doing so, the court explained "Mr. Toomer has not submitted clear evidence of irregularity in the VA's normal mailing procedures, such that he fails to rebut the presumption that his June

2, 2009, Board decision was mailed to him on the date of issuance." Order at 2. The court considered Mr. Toomer's rebuttal evidence (i.e., that he informed the VA in July 2009 that he had not received the Board Decision and the VA had mailed him an unsigned, hand-dated Board Decision in August 2009), but found his "assertion of nonreceipt in July does not alone rise to the level of clear evidence." *Id.* at 3. In addition, "while Mr. Toomer's August receipt of an unsigned, hand-dated Board decision is some evidence that the original decision might not have been finalized or mailed on June 2, it does not rise to the level of clear evidence of irregularity." *Id.* at 3. In sum, the court concluded, Mr. Toomer's evidence amounted to "an assertion of nonreceipt that could be the result of many factors other than the failure to mail the Board decision, including, for example, faulty memory or misplacement of delivered mail by a third party." It also found "receipt of an unsigned, hand-dated copy of the Board decision . . . sheds little light on whether the original Board decision was signed, dated, and mailed when issued." *Id.*

The Veterans Court took note of this court's statement that equitable tolling could not be demonstrated if Mr. Toomer could not rebut the presumption of regularity, but stated "this statement presumably was made in the context of the arguments presented by Mr. Toomer at the Federal Circuit" and "should not [be] viewed as an absolute holding in this case or one that bars equitable tolling in all cases involving the presumption of regularity associated with mailing a Board decision." *Id.* at 4. As to Mr. Toomer's assertion that he acted diligently by inquiring about the status of his claim, the court agreed this reflected some diligence, but "at the same time," when he contacted the VA Mr. Toomer also learned a decision had been made on June 2, 2009, a copy of which would be sent to him. *Id.*

Regarding the copy Mr. Toomer received, the court noted the cover letter stated the original Board Decision was rendered on June 2, 2009, and this mailing contained "another copy." *Id.* As to the purportedly misleading language of Form 4597, the court said Mr. Toomer's argument reflected a misrepresentation by omission of the information on that form, "which not only states, as Mr. Toomer notes, that '[y]ou have 120 days from the date this decision was mailed to you,' but also states immediately thereafter '(as shown on the first page of this decision) to file a Notice of Appeal with the Court.' As noted above, the date on the first page of the decision received by Mr. Toomer in August is '6/02/09.'" *Id.* at 4–5. The court also noted Mr. Toomer failed to identify any factor preventing him from filing a timely appeal, "*such as* reliance on the incorrect statement of a VA official, a physical or mental illness preventing filing, or a timely misfiling at certain VA entities, which generally is required to warrant equitable tolling." *Id.* at 5 (citing *Bove*, 25 Vet. App. at 140). Therefore, the court concluded, "Mr. Toomer fails to demonstrate that he followed [Form 4597], that the instructions therein were confusing or misleading, or that the totality of his circumstances otherwise demonstrates that he was precluded from filing his [notice of appeal] in a timely manner." *Id.*

In response to the Order, on September 17, 2013, Mr. Toomer submitted a Freedom of Information Act ("FOIA") Request to the VA requesting the Board's procedures pertaining to mailing documents to veterans. Specifically, Mr. Toomer requested (1) an internal Board manual, titled the "Outcode & Dispatch Procedural Manual" ("Dispatch Manual"), referenced by the VA in Mr. Toomer's first appeal before the Federal Circuit, and (2) all VA "manuals, publications, instructions, or documents related to procedures used to send documents to veterans." App. 67. In response, on September 24, 2013, the VA provided the Dispatch Manual.

Mr. Toomer moved for panel review of the Order on September 27, 2013, arguing the Veterans Court erred in its presumption of regularity and equitable tolling analyses. The panel granted the motion, but ordered that the original single-judge Order remain the decision of the court. Mr. Toomer timely appeals.

## DISCUSSION

### I. Jurisdiction and Standard of Review

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2)(A)–(B). The Veterans Court's legal determinations are reviewed de novo. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

### II. The Veterans Court Properly Found Mr. Toomer Failed to Overcome the Presumption of Regularity

Under 38 U.S.C. § 5104(a), "the Secretary [of the VA] shall, on a timely basis, provide to the claimant (and to the claimant's representative) notice of [its] decision [affecting the provision of benefits]." In addition, 38 U.S.C. § 7104(e)(1) provides: "After reaching a decision on a case, the Board shall promptly mail a copy of its written decision to the claimant at the last known address of the claimant," as well as to his or her "authorized representative," *id.* § 7104(e)(2)(A).

In fulfilling these statutory directives, the Secretary is presumed to have properly discharged his official duties under the "presumption of regularity." *See Sickels v. Shinseki*, 643 F.3d 1362, 1366 (Fed. Cir. 2011) ("The presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties." (quoting *Rizzo v. Shinseki*, 580 F.3d 1288, 1292 (Fed. Cir. 2009)). Thus, the presumption is overcome only in the face of "clear evidence to the contrary." *Parks v. Shinseki*, 716 F.3d 581, 584 (Fed. Cir. 2013) (quoting *Rizzo*, 580 F.3d at 1292).

Here, Mr. Toomer does not directly challenge the Veterans Court's finding that he failed to overcome the presumption of regularity. Rather, he argues the court erred during the panel review phase in failing to find the VA breached its duty under *Barrett v. Nicholson*, 466 F.3d 1038 (Fed. Cir. 2006), to provide him with available jurisdictional evidence that he argues would have aided him in rebutting the presumption. This argument was first presented in a footnote to his petition for panel review.

In *Barrett*, this court defined the VA's duty "in developing the record before the Veterans Court on the issue of equitable tolling." *Id.* at 1041. This court held where

> a veteran alleges facts to show entitlement to equitable tolling . . . and jurisdiction is called into question, . . . the government *must assist the court* by providing and, where necessary, procuring further evidence helpful in deciding jurisdiction, e.g., declarations, new medical examinations, and other forms of evidence as appropriate.

*Id.* at 1044 (emphasis added). The court also clarified "[t]he government shall make these submissions on its own initiative, upon request of the veteran, or as required

by the Veterans Court," and "[i]f a veteran makes such a request, the government may advert to the court for a determination that it is reasonably necessary to deciding the jurisdictional issues before it." *Id.*

Mr. Toomer appears to link the duty identified in *Barrett* to the VA's alleged failure to respond fully to his FOIA request for Board policies regarding the mailing of decisions. Mr. Toomer claims he "clearly raised a jurisdictional issue" by arguing there was sufficient evidence to rebut the presumption the VA mailed the Board Decision in June 2009. Appellant's Br. 19. Mr. Toomer points out that once the Veterans Court determined he had not shown clear evidence to rebut the presumption, he filed his FOIA request, and the VA breached its *Barrett* duty by failing to provide a complete response to this request. Thus, Mr. Toomer argues, the Veterans Court erred by failing to "address the VA's failure to provide an adequate response" to the FOIA request in its decision upon panel review. Appellant's Br. 21. For this reason, Mr. Toomer believes a remand is necessary for the VA to fully respond to Mr. Toomer's request for jurisdictional evidence.

The government responds that "[w]hether the VA complied with its obligation to respond to a FOIA request is a matter outside of the Veterans Court's jurisdiction" because review of an agency's compliance with a FOIA request is vested in the district courts by statute. Appellee's Br. 17–18 (citing 5 U.S.C. § 552(a)(4)(B)). And, in any event, the VA properly responded to the FOIA request; specifically, the government claims, with regard to the policy documents related to mailing Board decisions to veterans, which are the only "potentially relevant jurisdictional evidence in this case," "an exhaustive search for relevant documents . . . revealed only two: (1) the Dispatch Manual . . . , and (2) the Board's 'Office of Management, Planning and Analysis Correspondence Guide,' which was issued in September 2011." *Id.* at 18–

19.  The VA therefore insists it properly responded to Mr. Toomer's request because (1) this case arises from events that took place in 2009, thus the 2011 document would not have assisted Mr. Toomer, and (2) the Dispatch Manual was provided to Mr. Toomer on September 24, 2013.  *Id.* at 19.

To the extent Mr. Toomer challenges the Veterans Court's finding that Mr. Toomer failed to overcome the presumption of regularity with clear evidence, there is no legal error.  As directed in *Toomer II*, the Veterans Court was required to "first consider the totality of the evidence the veteran presents to rebut the presumption, and then, if the Veterans Court determines it rises to the level of clear evidence, consider if the government has shown by the preponderance of the evidence that the challenged action actually occurred."  *Toomer II*, 524 F. App'x at 669; *see also Crain v. Principi*, 17 Vet. App. 182, 188 (2003) (The Veterans Court is "required to make an independent determination whether the record contains clear evidence of sufficient weight to rebut the presumption of regularity and whether the Secretary has presented evidence showing that he complied with his mailing obligation under the statute or that there was actual receipt.").  The Veterans Court properly followed this directive on remand.

In particular, the Veterans Court found the fact that Mr. Toomer notified the VA in July 2009 that he had not received the decision did not alone rise to the level of clear evidence of a deficiency in mailing.  Order at 3.  Furthermore, as to Mr. Toomer's evidence that the Board Decision he received in the August 4, 2009 mailing was unsigned and hand-dated, the court acknowledged this may be "some evidence that the original decision might not have been finalized or mailed on June 2," but "does not rise to the level of clear evidence of irregularity," particularly since this was a "file copy" and not the original decision.  *Id.*  That is, the "receipt of an unsigned,

hand-dated copy of the Board decision . . . sheds little light on whether the original Board decision was signed, dated, and mailed when issued." *Id.* In sum, the court concluded, "[t]ogether, Mr. Toomer's evidence, accepted on its face, shows only that he does not recall receiving the original Board decision, and that he later was provided a copy of the Board decision that was unsigned and hand dated." *Id.* There is no discernable legal error in this analysis. Indeed, the Veterans Court followed the analysis prescribed for it in *Toomer II*. To the extent Mr. Toomer challenges the Veterans Court's factual findings and the weight of the proffered evidence, this court lacks jurisdiction to reexamine such findings.[1] *See* 38 U.S.C. § 7292(d)(2).

---

[1] The dissent states "the material facts in this case are not in dispute" and "review [of equitable tolling] would not involve improper reweighing of facts and is properly within the powers of this court." Dissent at 3. To the contrary, Mr. Toomer and the Government disagree about whether the original Board Decision was sent; if Mr. Toomer received the original Board Decision; whether the allotted time to appeal was "greatly reduced," *id.*, and whether the VA communication was "confusing," *id.* at 7. As noted above, under 38 U.S.C. § 7292(d)(2), this court lacks jurisdiction to reexamine such findings, and certainly to make its own factual findings that conflict with those reached by the Veterans Court. Thus, under § 7292(d)(2), we are barred from finding "Mr. Toomer was misled by the muddled, conflicting official statements by the government." Dissent at 5.

The dissent also states, "I take no issue with the imposition of the presumption of regularity." *Id.* at 4 n.1. However, the finding that Mr. Toomer failed to rebut the presumption of regularity necessitates the finding that the original Board Decision was properly sent to Mr. Toomer on June 2, 2009.

Mr. Toomer's assertions regarding the VA's duty under *Barrett* do not disturb this conclusion. The issue is whether the Veterans Court erred by failing to address in its order granting Mr. Toomer's motion for panel review his assertion that the government failed to comply fully with an expansive FOIA request made by him after the court had rendered its jurisdictional decision. *See* App. 67 ("[W]e request that you send: 1. Board of Veterans' Appeals, Outcode & Dispatch Procedural Manual, dated June 29, 2007 or the latest edition (including all attachments). 2. *Any other* [VA] manuals, publications, instructions, or document related to procedures used to send documents to veterans.") (emphasis added).

The government's duty under *Barrett* is to "*assist the court* by providing and, *where necessary*, procuring further evidence helpful in deciding jurisdiction, e.g., declarations, new medical examinations, and other forms of evidence as appropriate." *Barrett*, 466 F.3d at 1044 (emphases added). Such information shall be provided "on [the government's] own initiative, upon request of the veteran, or as required by the Veterans Court." *Id.* Thus, the duty concerns the development of the record before the Veterans Court, and not outside FOIA requests made by the Veteran for information not pertinent to the equitable tolling issue. Mr. Toomer has also made no showing that the court found further evidence was "necessary," or that the government withheld any information relevant to the jurisdictional issue. Indeed, the government provided the requested information that was applicable to Mr. Toomer's claim of procedural irregularity. The Veterans Court's failure to take up the issue of the government's response to Mr. Toomer's FOIA request in granting Mr. Toomer's motion for panel review was not legally erroneous.

### III. There Was No Legal Error in the Veterans Court's Equitable Tolling Analysis

Because the 120-day deadline to file a notice of appeal is not jurisdictional, *Henderson*, 562 U.S. 428, a court may excuse a late filing under the doctrine of equitable tolling. Here, having found the presumption of regularity applies, the Board Decision is presumed to have been mailed on June 2, 2009, and therefore Mr. Toomer's appeal was untimely filed unless the deadline is equitably tolled.

In *Holland*, the United States Supreme Court reiterated the requirements for equitable tolling it had previously set forth in *Pace*: a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis added); *see also Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231–32 (2014) ("As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some *extraordinary circumstance* prevents him from bringing a timely action.") (emphasis added). Thus, this court has made clear that "to benefit from equitable tolling, . . . a claimant [must] demonstrate three elements: (1) extraordinary circumstance; (2) due diligence; and (3) causation." *Checo v. Shinseki*, 748 F.3d 1373, 1378 (Fed. Cir. 2014). That is, due diligence must be shown "[i]n addition to an extraordinary circumstance." *Id.*

Mr. Toomer contends the Veterans Court applied an incorrect standard for equitable tolling. In support, Mr. Toomer argues "[t]he test for equitable tolling has two parts. First, the court must determine whether the veteran has exercised due diligence. And if so, the court must ask whether the circumstances precluded a timely filing." Appellant's Br. 10–11. As to the first part, Mr.

Toomer contends the court erred in conducting its "due diligence" inquiry, arguing the standard is "relaxed" and requires the court to ask "whether a reasonably diligent veteran would have missed the 120-day deadline in like circumstances." *Id.* at 11, 8 (citing *Nelson v. Nicholson*, 489 F.3d 1380, 1382 (Fed. Cir. 2007); *Jaquay v. Principi*, 304 F.3d 1276, 1287 (Fed. Cir. 2002) (en banc)). To Mr. Toomer, under this relaxed standard, "a reasonably diligent *pro se* veteran is permitted to make mistakes in following the instructions [on Form 4597] to appeal his claim." *Id.* at 12.

As to the second part of the analysis, Mr. Toomer contends, in contrast to governing law, there is no requirement that the "circumstances" preventing timely filing be "extraordinary," arguing there are other circumstances that may justify untimely filing. Appellant's Br. 10–11; Reply 5 ("'Extraordinary circumstances' is but one of the categories in which the courts have found equitable tolling appropriate in veterans cases."). Thus, Appellant insists "there is no requirement for Mr. Toomer to establish that his circumstances were 'extraordinary.'" Reply 6.

In addition, Mr. Toomer argues the Veterans Court failed to recognize that misleading actions by the VA may justify equitable tolling. Specifically, Mr. Toomer argues he was misled by the August 4, 2009 mailing into missing the 120-day deadline by the multiple, conflicting dates in the documents the VA sent to him (i.e., June 2, 2009 and August 4, 2009). Mr. Toomer also argues he was misled by Form 4597, which stated "You have 120 days from the date this decision was mailed to you (as shown on the first page of the decision)." Appellant's Br. 15 (internal citation and quotation marks omitted). He further contends the Veterans Court "improperly limited" "its circumstances analysis to the three enumerated circumstances in *Bove*." *Id.* at 8, 14 (citing *Bove*, 25 Vet. App. at 140 (stating equitable tolling is "applied only

when circumstances precluded a timely filing despite the exercise of due diligence, such as (1) a mental illness rendering one incapable of handling one's own affairs or other extraordinary circumstances beyond one's control, (2) reliance on the incorrect statement of a VA official, or (3) a misfiling at the regional office or the Board")). In support, Mr. Toomer cites this court's cases explaining the Veterans Court errs when it limits "extraordinary circumstances" to certain listed examples from past cases. *Id.* at 17 (citing *Sneed*, 737 F.3d at 726).

While Mr. Toomer may have been somewhat diligent in pursuing his rights, as the Veterans Court found, he failed "to identify any factor preventing him from filing a timely [notice of appeal], *such as* reliance on the incorrect statement of a VA official, a physical or mental illness preventing filing, or a timely misfiling at certain VA entities." Order at 5 (citing *Bove*, 25 Vet. App. at 140) (emphasis added). Without a showing of an "extraordinary circumstance," Mr. Toomer's claim cannot be equitably tolled. *See Sneed*, 737 F.3d at 725 ("'[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" (quoting *Pace*, 544 U.S. at 418)). Indeed, this court has made clear that due diligence must be shown "[i]n addition to an extraordinary circumstance." *Checo*, 748 F.3d at 1378. Thus, Mr. Toomer's assertion that he "does not need to show 'extraordinary' circumstances," Reply 5, is belied by the Supreme Court's and this court's case law, which make clear that both "due diligence" and "extraordinary circumstances" are required elements for equitable tolling. *See Lozano*, 134 S. Ct. at 1231–32; *Holland*, 560 U.S. at 649; *Pace*, 544 U.S. at 418; *Checo*, 748 F.3d at 1378; *Sneed*, 737 F.3d at 726.

Mr. Toomer is correct, however, that equitable tolling is not "limited to a small and closed set of factual

patterns." *Mapu v. Nicholson*, 397 F.3d 1375, 1380 (Fed. Cir. 2005). This court has "rejected the approach of looking to whether a particular case falls within the facts specifically identified in . . . one of our prior cases." *Id.*; *see also Sneed*, 737 F.3d at 726 (holding "the Veterans Court improperly treated the listed examples—including reliance on the incorrect statement of a VA official—as the exclusive 'parameters' of equitable tolling"). Rather, we have acknowledged "the need for flexibility" and "for avoiding mechanical rules," and have proceeded on a "case-by-case basis." *Holland*, 560 U.S. at 631 (internal quotation marks and citation omitted).

Here, however, the Veterans Court did not commit legal error by focusing too narrowly on whether Mr. Toomer's case conformed to a particular fact pattern; rather, it properly considered whether, in this case, Mr. Toomer's claim that he was misled by a VA document constitutes an extraordinary circumstance. The Veterans Court found it did not. In particular, the court found the August 4, 2009 cover letter stated the original Board Decision was rendered on June 2, 2009, and this mailing contained "another copy." Order at 4. As to the purportedly misleading language of Form 4597, the court noted that Mr. Toomer's argument reflected a misrepresentation by omission of the information on that form, "which not only states, as Mr. Toomer notes, that '[y]ou have 120 days from the date this decision was mailed to you,' but also states immediately thereafter '(as shown on the first page of this decision)'" and "the date on the first page of the decision received by Mr. Toomer in August is '6/02/09.'" *Id.* at 4–5. Therefore, the court concluded, "Mr. Toomer fails to demonstrate that he followed [Form 4597], that the instructions therein were confusing or misleading, or that the totality of his circumstances otherwise demonstrates that he was precluded from filing his [notice of appeal] in a timely manner." *Id.* at 5. The court only cited to *Bove* to provide

examples of extraordinary circumstances, not to determine whether Mr. Toomer's circumstances conformed to a prescribed list of "extraordinary circumstances." *See* Order at 5.

Thus, the Veterans Court's analysis does not evince any legal error or misinterpretation of the law surrounding equitable tolling. To the extent Mr. Toomer asks this court to review the Veterans Court's factual findings surrounding whether or not the filings were misleading or confusing, this is of course outside our jurisdiction. *See Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011). Thus, even if this court disagreed with the Veterans Court's factual finding that the two dates on the correspondence from the VA were not confusing or misleading, and therefore did not rise to the level of "extraordinary circumstance," revisiting this finding is beyond our jurisdiction. Indeed, this court may not review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" unless a constitutional challenge is presented. 38 U.S.C. § 7292(d)(2).

## CONCLUSION

For the foregoing reasons, the Veterans Court's decision is

## **AFFIRMED**

# United States Court of Appeals for the Federal Circuit

---

**HARVEST O. TOOMER,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD,**
**SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7045

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-4086, Chief Judge Bruce E. Kasold.

---

REYNA, *Circuit Judge*, dissenting.

The majority concludes that equitable tolling does not apply in Mr. Toomer's case primarily because the equitable tolling analysis requires us to impermissibly reweigh factual findings made by the Board of Veterans' Appeals ("Board"). I respectfully dissent.

## I. EQUITABLE TOLLING IS A LEGAL QUESTION WHERE MATERIAL FACTS ARE UNDISPUTED

When reviewing decisions of the United States Court of Appeals for Veterans Claims ("Veterans Court"), we are statutorily constrained from considering pure questions of

fact, or the application of law to fact. 38 U.S.C. § 7292(d)(2).

A well-recognized exception to this rule exists in the context of equitable tolling. In *Bailey v. Principi*, we held that when the material facts are not in dispute and the adoption of a particular legal standard of review, such as the rule preventing our review of questions of fact or the application of law to fact, would dictate the result, "this court has treated the question of the availability of equitable tolling *as a matter of law* that we are authorized by statute to address." 351 F.3d 1381, 1384 (Fed. Cir. 2003) (emphasis added); *accord Bradenburg v. Principi*, 371 F.3d 1362, 1363 (Fed. Cir. 2004); *Wood v. Peake*, 520 F.3d 1345, 1349 (Fed. Cir. 2008).

The material facts in this case are not in dispute. The Board issued a decision in Mr. Toomer's case on June 2, 2009, but that decision was not received by Mr. Toomer. Mr. Toomer called the Department of Veterans Affairs ("VA") to inquire about the status of his case, informing the VA that he had not received a decision. Prompted by that call, the VA mailed a package to Mr. Toomer that included a cover letter, a copy of the Board's decision, and a notice of appellate rights. The cover letter was machine stamped with the date of August 4, 2009. The copy of the Board's decision, however, had an informally-styled date ("6/02/09") handwritten at an angle on its first page. The notice of appellate rights set forth standard boilerplate instructions, stating, "You have 120 days from the date *this decision was mailed to you* (as shown on the ***first page*** of ***this decision***) to file a Notice of Appeal with the Court." J.A. 21 (emphasis added). At the time the VA mailed the copy of the decision to Mr. Toomer, 72 of the 120 days provided in 38 U.S.C. § 7266(a) to file an appeal had elapsed. Mr. Toomer filed his notice of appeal on October 28, 2009, 85 days after the VA mailed the copy of the Board's decision to him and, thus, within 120 days of

the date on the first page of the package containing the copy of the decision, August 4, 2009.

Because there are no material facts in dispute in this case, the question of equitable tolling is one we can, and here must, review. *See Bailey*, 351 F.3d 1384. Such review would not involve improper reweighing of facts and is properly within the powers of this court.

## II. THE GOVERNMENT'S CONFUSING STATEMENTS JUSTIFY EQUITABLE TOLLING

As the majority recognizes, a veteran seeking to invoke equitable tolling must establish both diligence in pursuing his rights and extraordinary circumstances standing in his way. *Sneed v. Shinseki*, 737 F.3d 719, 725 (Fed. Cir. 2013). The majority does not suggest that Mr. Toomer did not meet the diligence prong of equitable tolling. *See* Maj. Op. at 16. As such, all that remains is a showing of exceptional circumstances before equitable tolling may be properly applied. Numerous facts point to the existence of exceptional circumstances in Mr. Toomer's case.

### A. The Allotted Time To Appeal Was Greatly Reduced

Mr. Toomer received a copy of the Board's decision after more than half of the filing period had elapsed. The accompanying notice of appellate rights explained that he would have 120 days from the date "this decision" was mailed to him to file his appeal. J.A. 21. The rules permit 120 days to appeal. A legally unsophisticated veteran may require a significant amount of time, as much as the entire 120 days, to consider the decision, research the law, evaluate the merits of an appeal, and prepare and file the notice of appeal. To the extent Congress deems that the entire statutorily-provided period as necessary for all of these steps, cutting that time by more than half, as the majority does here, casts doubt on the sufficiency of the resultant filing period. The majority does not state why

the shortened period should be deemed sufficient for this particular veteran.

There is no evidence that Mr. Toomer was less than diligent, as he filed his appeal 85 days after the copy of the decision was mailed to him, well within the otherwise applicable 120-day period. Where a claimant acts with diligence to do everything that could reasonably be expected of him, and the untimely filing is beyond his control, the untimely filing should not bar the claim. *Herring v. Merit Sys. Prot. Bd.*, 778 F.3d 1011, 1016-18 (Fed. Cir. 2015) (reversing dismissal of appeal for untimely filing where claimant relied on misleading statements made by her counsel). Such diligence suggests that but for his confusion as to the date his appeal was due, generated by the government, Mr. Toomer would have timely filed his appeal.

## B. The VA's Communication With Mr. Toomer Was Confusing

Despite sending a personalized letter to Mr. Toomer, the VA neglected to inform him that the filing period ran from the date of the supposed mailing of the first decision, which Mr. Toomer never received. In the personalized letter, the VA acknowledged it was sending the copy of the decision in response to Mr. Toomer informing the agency that he did not receive the original decision.[1] J.A. 24. The letter contained highly specific information,

---

[1] I take no issue with the imposition of the presumption of regularity. This case is not about whether the VA actually mailed the initial decision, as it claims, but rather about two separate communications that, on their faces, provide conflicting, confusing information to Mr. Toomer regarding his right to appeal. To the extent the majority asserts the presumption of regularity forecloses consideration of equitable tolling, I dissent.

including the precise date on which Mr. Toomer requested the original decision from the VA. *Id.* This letter was accompanied by the boilerplate language in the notice of appellate rights, indicating the filing period would begin to run on the date "this decision" was mailed to Mr. Toomer. In spite of the VA's personalized communication, it failed to alert Mr. Toomer that the start of the running of the filing period was unaffected by his non-receipt of the original decision. This error was compounded by the VA's failure to explain that "this decision" actually referred to the previously mailed decision.

Mr. Toomer was misled by the muddled, conflicting official statements by the government, wherein two dates from which to appeal were communicated to him. The inconsistent language in the notice of appellate rights could easily confuse a fastidious lawyer. In this case, the government's inconsistent statements confused a lay veteran, Mr. Toomer. The resulting confusion was of the government's making and, as such, should not be held against an otherwise diligent, involved veteran.

### C. The Majority Constrains Equitable Tolling To A Closed Set Of Factual Patterns

This court has rejected the "suggestion that equitable tolling is limited to a small and closed set of factual patterns and that equitable tolling is precluded if a veteran's case does not fall within those patterns." *Mapu v. Nicholson*, 397 F.3d 1375, 1380 (Fed. Cir. 2005). We have highlighted the need to be flexible in our inquiry, and to analyze each case individually. *Sneed*, 737 F.3d at 726 (quoting *Holland v. Florida*, 560 U.S. 631, 649-50 (2010)). The majority suggests it remains mindful not to limit equitable tolling to a small, closed set of factual patterns, Maj. Op. at 17, but by declining to apply analogous precedent, it does just that.

In *Bailey v. West*, we held that equitable tolling is appropriate when a veteran's untimely filing results from

the government's own misleading statements.   160 F.3d
1360 (Fed. Cir. 1998).   A Veterans Benefits Counselor at
the regional office ("RO") misrepresented to the veteran
that timely filing a notice of appeal at the RO was suffi-
cient to initiate the veteran's appeal.  *Id.* at 1361.  Relying
on the government's statement, the veteran timely filed a
notice of appeal at the RO, though that notice was not
forwarded to the Veterans Court within the filing period.
The VA notified the veteran that timely filing a notice of
appeal at the RO does not protect his right of appeal.  *Id.*
at 1362.   The veteran then filed an untimely notice of
appeal with the Veterans Court.   The Veterans Court
dismissed the appeal for lack of jurisdiction on account of
the untimely filing of the notice of appeal.  *Id.*

The veteran in *Bailey* appealed the dismissal to this
court.  In analyzing whether equitable tolling applied, we
explained that the veteran "was misled by the conduct of
his adversary [the government] into allowing the filing
deadline to pass" even though there was "no suggestion of
misconduct" by the government.   *Id.* at 1365.   We con-
cluded that the government's misleading statements that
caused the veteran to miss the filing deadline were suffi-
cient to equitably toll the deadline, even absent evidence
of any intent to mislead.  *Id.*

Just as in *Bailey*, the government's misleading state-
ments in this case, made without intent to mislead, are
sufficient to justify equitably tolling the 120-day filing
period.  Mr. Toomer asserts that he relied on the machine-
stamped date on the cover letter because he believed the
cover letter was part of the decision itself.  His belief is
not unreasonable given that the cover letter and the
decision came in a packet together, and that the date on
the cover letter bears an official appearance while the
handwritten date does not.  Using either date from which
to calculate the filing deadline is reasonable in this case.
The instructions in the notice of appellate rights could
easily mislead Mr. Toomer to believe his filing period

ended later than it actually did. While there is no evidence of intent by the government to mislead Mr. Toomer, the official, confusing instructions in the notice of appellate rights did exactly that. As a result, Mr. Toomer filed his notice of appeal 85 days after he received the copy of the Board's decision. His filing occurred inside the 120-day period beginning on the date the copy was mailed, but outside the 120-day window beginning on the date of the supposed first mailing.

By refusing to apply equitable tolling on the facts of Mr. Toomer's case, the majority narrowly circumscribes *Bailey*, limiting that decision's reach to only affirmative misstatements by the government. *Bailey* teaches that misleading statements by the government support equitably tolling the period for appealing to the Veterans Court, even absent intent by the government to mislead the veteran. In any event, I believe that an application of the flexible, case-by-case analysis espoused, but not utilized, by the majority leads to the conclusion that the filing deadline should have been *equitably* tolled.

D. This Decision Will Produce Undesirable Results

Finally, the majority's refusal to apply equitable tolling here will lead to absurd results in other cases. Suppose the initial mailing of the Board's decision never arrives and the veteran contacts the VA after the 120-day filing period elapses. Even if the veteran filed an appeal on the day the Board's decision was received, a mechanical application of 38 U.S.C. § 7266(a) would lead to a dismissal of that appeal. Under the majority's opinion, equitable tolling would not apply because even in this scenario, the veteran would not be able to show exceptional circumstances. In short, the veteran would be left with no recourse at all. This cannot be the appropriate result given the remedial nature of veterans law.

The government's misleading communications and the lapsing of more than half the filing period before the

veteran received the Board's decision clearly illustrate the existence of extraordinary circumstances in this case. Because the majority declines to equitably toll the filing statute, I respectfully dissent.