NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELIJAH THOMAS,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7039

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1129, Judge William Greenberg.

---

Decided: June 9, 2015

---

ELIJAH THOMAS, Shreveport, LA, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, United States Department of Veterans Affairs, Washington, DC.

---

Before WALLACH, CLEVENGER, and TARANTO, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Elijah Thomas appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing one of two appeals as untimely filed and not subject to equitable tolling. *Elijah Thomas v. Robert A. McDonald, Sec'y of Vet. Affairs*, No. 14-1129 (Vet. App. Oct. 31, 2014). For the reasons set forth below, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Thomas served in the United States military on active duty from March 1971 to March 1973. In April 1996, Mr. Thomas was denied service connection for various medical conditions. In April 2004, a separate decision granted service connection for posttraumatic stress disorder ("PTSD") with a fifty percent disability rating, effective April 8, 1996, but denied service connection for vertigo, a gastrointestinal disability, upper respiratory infection, sinusitis, and allergic rhinitis. In January 2005, Mr. Thomas was denied entitlement for total disability based on individual unemployability ("TDIU"). Mr. Thomas appealed these decisions to the Board of Veterans' Appeals ("Board").

In a July 13, 2012, decision, the Board denied service connection for several of Mr. Thomas' conditions and denied an effective date earlier than April 8, 1996, for his PTSD. The Board granted Mr. Thomas service connection for bilateral hearing loss, tinnitus, and hypertension, and granted a May 16, 1997, effective date for service connection for peripheral neuropathy of the upper and lower extremities. With respect to Mr. Thomas's claims relating to a skin disability, vertigo, upper respiratory disability, gastrointestinal disability, entitlement to a disability

rating in excess of fifty percent for PTSD, and TDIU, the Board remanded the issues to the Regional Office ("RO").

In accordance with the Board decisions, the RO implemented the awards granted to Mr. Thomas. Mr. Thomas filed a notice of disagreement ("NOD"), contesting the rating decisions and effective dates of the service connection awards for hypertension and hearing loss, and with the initial rating for tinnitus. The RO increased the rating for PTSD with dysthymic disorder to 70 percent.

In a July 17, 2013, decision, the Board denied a higher rating decision for Mr. Thomas's PTSD and denied service connection for an upper respiratory disability, skin disability, vertigo, and a gastrointestinal disability. The Board also remanded several issues, including: entitlement for a rating in excess of ten percent for tinnitus, compensable service connection for bilateral hearing loss and hypertension, and an effective date earlier than to April 16, 2001, for the award of service connection for hypertension, and earlier effective dates prior for bilateral hearing loss and TDIU.

On March 31, 2014, Mr. Thomas submitted a notice of appeal to the Veterans Court of both the July 13, 2012, and July 17, 2013, Board decisions. Finding the 120-day period to appeal had passed, the Veterans Court ordered Mr. Thomas to explain why his appeal should not be found to be untimely. Mr. Thomas explained he had filed a NOD relating to the 2012 decision and provided the Veterans Court with a copy of it. Mr. Thomas did not explain why his appeal relating to the 2013 decision was late.

On October 31, 2015, the Veterans Court found Mr. Thomas had mailed his NOD relating to the 2012 decision to the incorrect address within the 120-day deadline and therefore excused the lateness. With regard to the 2013 decision, however, the Veterans Court found that Mr. Thomas presented no circumstances explaining why his

claim should be equitably tolled and therefore found tolling unwarranted. The appeal relating to the July 17, 2013, Board decision was therefore dismissed as untimely.

Mr. Thomas timely appeals and this court has jurisdiction pursuant to 38 U.S.C. § 7292(a) (2012).

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2)(A)–(B). The Veterans Court's legal determinations are reviewed de novo. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

Though Mr. Thomas indicates in his petition that the Veterans Court decision did not "involve the validity or interpretation of a statute or regulation," he provides factual reasons why the deadline to appeal the 2013 decision should be equitably tolled. Pet'r's Br. 1. In particular, Mr. Thomas contends the July 17, 2013, decision should be equitably tolled because he "went to the [VA] to file a notice of appeal, [and] they wouldn't fill out the form [because the VA] claim[ed] it t[ook] a lot of [their] time, and a lot of paper work." *Id.* at 2. Mr. Thomas also explains he was told by the VA that his rating decision was reduced from 100 percent to ninety percent because he "ke[pt] appeal[ing] all of the [VA] decisions and that they had help[ed]" him. *Id.* at 3. Mr. Thomas further notes that he was told in February 2014

that the VA did not get his notice of appeal and that, a month later, he learned that two forms dated May 24, 2012, and September 20, 2012, were missing and the VA "wouldn't do an inquir[y in]to what happened to them." *Id.* Lastly, he alleges that on August 20, 2014, he learned the "forms never reach[ed] [the New] Orleans[] [RO]" and "the counselor [] was upset that [he] continue[d] to call asking about these form[s] and want[ed] to know who [] [he] had been talking to," and refused to filed a notice of appeal. *Id.*

Equitable tolling is not "limited to a small and closed set of factual patterns." *Mapu v. Nicholson*, 397 F.3d 1375, 1380 (Fed. Cir. 2005). We have "rejected the approach of looking to whether a particular case falls within the facts specifically identified in . . . one of our prior cases." *Id.* Instead, this court has "acknowledged 'the need for flexibility' and 'for avoiding mechanical rules,' and [has] proceeded on a 'case-by-case basis.'" *Toomer v. McDonald*, No. 2014-7045, 2015 WL 1782338, at *9 (Fed. Cir. Apr. 21, 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 631 (2010)).

However, we have consistently applied 38 U.S.C. § 7292 to strictly bar fact-based appeals from decisions of the Veterans Court. *See, e.g., Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed. Cir. 2001) ("Because it is clear that the Court of Appeals for Veterans Claims merely *applied* the statute to the facts, its decision falls outside our jurisdiction under the express terms of 38 U.S.C. § 7292(d)(2)."). Specifically, this court has held that applying equitable tolling to the particular facts of a case does not create a basis for jurisdiction. *Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000) (finding lack of jurisdiction "to consider [Petitioner's] arguments regarding application of equitable tolling to the facts of her case"); *Dixon v. Shinseki*, 741 F.3d 1367, 1377 (Fed. Cir. 2014) ("This court is precluded from reviewing factual

determinations bearing on a veteran's equitable tolling claim.") (internal citation omitted)

Because Mr. Thomas does not argue the Veterans Court misapplied or misinterpreted a statute and provides only factual evidence for why he missed the deadline, this court lacks jurisdiction to entertain Mr. Thomas's appeal.

CONCLUSION

For the forgoing reasons, the decision of the Veterans Court is

**DISMISSED**

COSTS

No costs.