NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS C. CATO, JR.,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2460

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-1186, Judge Mary J. Schoelen.

---

Decided: December 13, 2017

---

DOUGLAS C. CATO, JR., Lafayette, LA, pro se.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., TARA K. HOGAN.

---

Before PROST, *Chief Judge,* NEWMAN and STOLL,
*Circuit Judges.*

PER CURIAM.

Appellant Douglas C. Cato appeals an order of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal as untimely. For the reasons set forth below, this court lacks jurisdiction to review the timeliness of Mr. Cato's appeal.

I

Mr. Cato had active military service from December 1975 to July 1976. In May 2006, a Department of Veterans Affairs ("VA") Regional Office denied reopening of Mr. Cato's claim of entitlement to service connection for schizophrenia, simple type. On June 6, 2016, the Board of Veterans' Appeals ("Board") likewise denied service connection for an acquired psychiatric disorder with anxiety and schizophrenia. On the same day, the Board mailed a copy of its decision to Mr. Cato. Later that year, on December 14, 2016, a VA Regional Office also mailed Mr. Cato a copy of the Board's June 2016 decision.

On April 26, 2017, Mr. Cato filed a notice of appeal of the Board's decision. Because the notice was filed more than 120 days after the Board mailed its decision to Mr. Cato, the Secretary of Veterans Affairs moved to dismiss Mr. Cato's appeal to the Veterans Court for lack of jurisdiction. In response to the Secretary's motion, Mr. Cato claimed that the Secretary had not mailed the decision to the correct address. The Secretary filed a response and declaration showing that the Board's decision was indeed mailed to Mr. Cato and that there was no indication that the mailing was returned as undeliverable. Further, the Secretary noted that the copy of the decision mailed by the VA Regional Office had been mailed to the same address, and there was no indication that the second

mailing was returned as undeliverable. Finally, the Secretary noted that Mr. Cato had used multiple versions of the same address throughout his appeal.

The Veterans Court dismissed Mr. Cato's appeal on July 14, 2017, holding that Mr. Cato had not provided the clear evidence necessary to rebut the presumption of regularity that the VA had properly mailed a copy of the Board's decision to him. The Veterans Court found no evidence that the letter was improperly addressed or that it was not delivered. Further, the Veterans Court noted that the address used matched the address where other VA correspondence had been received and that there had no been suggestion of a change to Mr. Cato's address. As such, the Veterans Court found that Mr. Cato had not overcome the presumption of regularity and, accordingly, dismissed his appeal as untimely. *See* 38 U.S.C. § 7266; U.S. Vet. App. R. 4(a).

The Veterans Court entered judgment on August 15, 2017, and Mr. Cato timely appealed to this court.

## II

The jurisdiction of this court to review the decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292; *see also Toomer v. McDonald*, 783 F.3d 1229, 1234 (Fed. Cir. 2015). Specifically, unless an appeal presents a constitutional issue, this court is prohibited from reviewing "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." § 7292(d)(2).

Mr. Cato argues on appeal that he did not receive the Board's decision by mail. The Veterans Court considered Mr. Cato's explanation for his untimely filing, but found that he had not provided the clear evidence necessary to overcome the presumption of regularity that applies to public officers. This presumption of regularity presumes, in the absence of clear evidence to the contrary, that

public officers have properly discharged their official duties. *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001). Put another way, the doctrine "allows courts to presume that what appears regular is regular." *Id.* This presumption has been applied to the Board's mailing procedures. *See Toomer*, 783 F.3d at 1235.

To the extent that a challenge to the presumption of regularity involves factual findings or an application of law to the facts of a particular case, this court is expressly prohibited from reviewing such a challenge. *See* § 7292(d)(2); *Toomer*, 783 F.3d at 1236 (stating that this court lacks jurisdiction to reexamine "factual findings and the weight of the proffered evidence" regarding the presumption of regularity). Accordingly, because Mr. Cato's appeal turns solely on the Veterans Court's application of the presumption of regularity to the evidence presented in this case, this court does not have jurisdiction to review Mr. Cato's arguments.

This appeal is therefore dismissed for lack of jurisdiction.

## DISMISSED

### COSTS

The parties shall bear their own costs.