NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MOLLIE SCOTT-BRANCH,**

*Claimant-Appellant*

**v.**

**PETER O'ROURKE, ACTING SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2017-2125

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3366, Judge Margaret C. Bartley.

---

Decided: June 21, 2018

---

MOLLIE SCOTT-BRANCH, Madison, TN, pro se.

REBECCA SARAH KRUSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; Y. KEN LEE, AMANDA BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Mollie Scott-Branch appeals the Order of the United States Court of Appeals for Veterans Claims ("Veterans Court"), dismissing her appeal as untimely filed.[1] The court held that the extraordinary circumstances needed for equitable tolling of the filing deadline had not been shown, and dismissed the appeal. The dismissal is affirmed.

## DISCUSSION

Ms. Scott-Branch is the daughter of John R. Scott, who served on active military duty from March 1941 until June 1946, and died in February 1973. Ms. Scott-Branch was born in 1952. In October 2010, Appx41, she filed a claim for dependency and indemnity compensation under 38 U.S.C. § 1310(a):

> When any veteran dies after December 31, 1956, from a service-connected or compensable disability, the Secretary shall pay dependency and indemnity compensation to such veteran's surviving spouse, children, and parents.

38 C.F.R. § 3.57 defines "child" as a person under the age of 18 years, or who became permanently incapable of support before the age of 18 years, or is at an educational institution and under the age of 23 years. 38 C.F.R. § 3.57(a)(3) states that "the term *child* also includes a person who became permanently incapable of self-support before reaching the age of 18 years."

---

[1]   *Scott-Branch v. Shulkin*, No. 16-3366, 2017 WL 1001121 (Vet. App. Mar. 15. 2017) ("Vet. Ct. Op.").

The Board of Veterans Appeals (BVA) held that Ms. Scott-Branch "exceeded the maximum allowable age for recognition as a child of a Veteran, regardless of her marital status or if she was pursuing a course of instruction," and that she was not entitled to benefits as a "helpless child" because she had not shown that she was "permanently incapable of self-support by reason of either mental or physical defect" prior to age 18. *In re Branch*, No. 11-29 388, at 4 (BVA Mar. 15, 2016), Appx43. An attachment to the BVA decision stated "you have **120 days** from the date this decision was mailed to you (as shown on the first page of this decision) to file a Notice of Appeal with the Court." Appx44 (boldface in original). Ms. Scott-Branch filed the Notice of Appeal on September 28, 2016, 197 days after the mailing date of the BVA's decision, which was sent on March 15, 2016.

The Secretary of Veterans Affairs moved to dismiss the appeal as untimely filed. The Veterans Court issued an Order to Show Cause on the question of timeliness. Ms. Scott-Branch responded that her late filing was due to a "nervous disorder which causes her to not function at normal or full capacity" as well as being "very ill with diverticulitis and colitis during the 120-day period." Appx12. She stated that "[a] reasonably diligent person would likewise not have been able to manage the filing of the appeal under those extraordinary circumstances." Appx13. Ms. Scott-Branch provided no medical records or other supporting evidence.

On February 1, 2017, the Veterans Court issued a second Order to Show Cause, requesting evidence related to Ms. Scott-Branch's statements that she was incapable of timely filing. Ms. Scott-Branch then submitted letters from family members, her minister, a doctor, and medical records. Appx19–39.

The Veterans Court reviewed the submissions, and found that "the medical records that Ms. Scott-Branch

submitted do not reflect treatment for a nervous condition, diverticulitis, or ulcerative colitis during the judicial appeal period, and that the only medical records from that period pertained to a right upper extremity condition that she has not asserted as preventing her from timely filing an NOA." Vet. Ct. Op. at 3. The Veterans Court held that the basis for equitable tolling had not been established. *Id.*

In order for late filing in the Veterans Court to be equitably tolled, "a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing." *Toomer v. McDonald*, 783 F.3d 1229, 1237 (Fed. Cir. 2015) (emphasis in original). The Veterans Court found that Ms. Scott-Branch had not established an extraordinary circumstance. We discern no error in the law applied by the Veterans Court, and no constitutional violation in the court's procedures. Absent error of law or constitutional violation, this court is precluded from reviewing determinations of equitable tolling. *Dixon v. Shinseki,* 741 F.3d 1367, 1377-78 (Fed. Cir. 2014).

The ruling of the Veterans Court is affirmed.

## AFFIRMED

### COSTS

No costs.