NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS R. HELM,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7064

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-3347, Judge Robert N. Davis.

---

Decided: August 13, 2015

---

THOMAS R. HELM, San Antonio, TX, pro se.

JESSICA R. TOPLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, LARA EILHARDT, MARTIE ADELMAN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Thomas Helm seeks review of a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Helm v. Gibson*, No. 13-3347 (Vet. App. June. 11, 2014) ("*Helm I*") (Resp't's App. 1–3), dismissing his appeal as untimely. For the reasons set forth below, this court affirms.

## I.    BACKGROUND

### Statement of Facts and Procedural Posture

In a decision dated and mailed July 24, 2002, the Board of Veterans' Appeals ("Board") denied Mr. Helm's claims for entitlement to service connection for hypercholesterolemia and pancreatitis ("*Board Decision*").[1] Almost eleven years after the Board mailed the decision, in a notice dated May 6, 2013, Mr. Helm filed a motion of reconsideration to the Board, claiming that "procedural errors [were] involved in [his] case." Resp't's App. 32. On September 16, 2013, Deputy Vice Chairman of the Board, David C. Spikler, denied Mr. Helm's motion, stating that although his motion for reconsideration "ha[d] been carefully reviewed . . . [it] does not demonstrate that the [2002] Board decision contains obvious error of fact or law." Resp't's App. 66. On November 21, 2013, Mr. Helm filed a Notice of Appeal ("NOA") with the Veterans Court. The Secretary subsequently moved to dismiss the case and Mr. Helm filed a response, contending his NOA was filed within 120 days after the date on which notice of the denial for reconsideration was mailed. *See* 38 U.S.C. §

---

[1]    The date of the mailing is the date that appears on the face of the enclosed [Board] decision." Resp't's App. 31

7266(a).   On February 12, 2014, the Veterans Court ordered Mr. Helm to file additional documentation in support of a request to equitably toll the 120-day period in which to file a NOA.   In his response, Mr. Helm claims that "he was unaware that in order to preserve his right to appeal to [the Veterans Court], he was required to file his motion for reconsideration within 120 days of the [2002] Board decision."  *Helm I* at 1.

In an order dated June 11, 2014, the Veterans Court granted the Secretary's motion to dismiss the appeal, holding that "Mr. Helm's confusion as to the time for filing either a direct appeal or for filing a motion for reconsideration that would serve to preserve his right to appeal . . . does not warrant equitable tolling of the filing period."  *Id.*  Accordingly, the Veterans Court dismissed Mr. Helm's appeal.  On June 19, 2014, Mr. Helm filed a motion for reconsideration or, in the alternative, for a panel decision.  On September 16, 2014, the Veterans Court granted the motion for a panel decision, but denied the motion for reconsideration and ordered the single-judge order remain the decision of the court.  Shortly thereafter, on September 22, 2014, Mr. Helm filed a motion for leave to include supporting documentation with his motion for reconsideration.  On October 6, 2014, Mr. Helm filed a motion for panel reconsideration or, in the alternative, motion for full court review.  However, on December 2, 2014, the Veterans Court denied Mr. Helm's motion for leave to include supporting documentation and for reconsideration.  On February 27, 2015, the Veterans Court denied Mr. Helm's motion for a decision by the full court and entered judgment.

Mr. Helm filed an NOA with this court on March 9, 2015, and an amended NOA on March 13, 2015.

## II.   DISCUSSION

### A.  Jurisdiction and Standard of Review

This court has jurisdiction to review the Veterans Court's decision pursuant to 38 U.S.C. § 7292. Under that statute, this court may review "the decision with respect to the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)." 38 U.S.C. § 7292(a). This court has "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id*. § 7292(c). Excluding a constitutional issue, this court lacks the jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id*. § 7292(d)(2).

In reviewing a Veterans Court decision, this court must "decide all relevant questions of law, including interpreting constitutional and statutory provisions," and must "set aside any regulation or any interpretation thereof (other than a determination as to a factual matter)" relied upon by the Veterans Court that this court finds "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id*. § 7292(d)(1). We review questions of statutory and regulatory interpretation de novo. *See Vazquez-Claudio v. Shinseki*, 713 F.3d 112, 115 (Fed. Cir. 2013) (citing 38 U.S.C. § 7292; *Hodge v. West*, 155 F.3d 1356, 1359 (Fed. Cir. 1998)).

### B. There Was No Legal Error in the Veterans Court's Equitable Tolling Analysis

On appeal, Mr. Helm argues the doctrine of "equitable tolling is authorized in the [Veterans Court's] [decision] based on [his] reliance on the incorrect statement(s) of [the] Department of Veterans Affairs (VA) official(s)." Appellant's Br. 4. Conceding that his motion for reconsideration was mailed almost eleven years after notice of the Board's decision was sent, Mr. Helm asserts the Board "failed to provide proper and/or adequate notice to [him] . . . regarding their responsibility to comply with 38 U.S.C. [§] 5104(a),[2] by including, with the [Veterans Affairs 2002] denial letter . . . , an obsolete/non-current/not up-to-date VA Form 4597." *Id.* (capitalization modified). Specifically, Mr. Helm contends the 2002 Board decision "directed [him] to alter" VA Form 4597, "thereby omitting/deleting information that misled [him] into missing the filing deadline for a timely Notice of Appeal to the [Veterans Court]." *Id.* at 7.

Mr. Helm also argues his 2013 NOA was timely because, as instructed in VA Form 220 following his 2013 motion for reconsideration, he filed his NOA within the 120-day window specified in that form. Finally, Mr. Helm "request[s] th[is] [c]ourt to allow [his] case to proceed based on the application of the doctrine of equitable [t]olling," as his case satisfies other precedential cases in

---

2    38 U.S.C. § 5104(a) states:

In the case of a decision by the Secretary under section 511 of this title affecting the provision of benefits to a claimant, the Secretary shall, on a timely basis, provide to the claimant (and to the claimant's representative) notice of such decision. The notice shall include an explanation of the procedure for obtaining review of the decision.

which this court has applied the doctrine. Appellant's Br. 10.

In response, the Secretary argues its 2002 "decision [included an attachment] . . . advis[ing] [Mr. Helm] of changes to the notice resulting from the Veterans Education and Benefits Expansion Act of 2001, Pub. L. No. 107-103, 115 Stat. 976 [(2001)], and in fact, none of the amendments made by the 2001 Act are relevant to Mr. Helm's appeal." Appellee's Br. 8–9. The Secretary also argues "[t]he [Notice of Disagreement] in Mr. Helm's case was filed *after* the August 1996 [Regional] Office decision and a later rating decision, . . . so the 2001 amendments did not affect Mr. Helm's case." *Id.* With respect to VA Form 4597, the Secretary contends:

> [T]he portion of Form 4597 to which Mr. Helm is referring—the first bullet of the [B]oard guidance—pertained only to the first sentence of the paragraph titled "Appeal to the United States Court of Appeals for Veterans Claims" of Form 4597 (1999), which had limited appeals to those cases in which a[] [Notice of Disagreement] was filed on or after November 18, 1988, and to the sentence directing the claimant to mail a copy of the N[otice] [of] [D]isagreement to the VA General Counsel.

Appellee's Br. 11.

As to Mr. Helm's second argument, the Secretary responds that "an NOA may be filed within 120 days of a [B]oard denial of a motion for reconsideration only if the motion was filed within 120 days of the [B]oard decision that the claimant requested to be reconsidered." Appellee's Br. 12. According to the Secretary, "[t]he sentence to which Mr. Helm refers, advising a claimant to file an NOA within 120 days of the date of mailing of the enclosed letter, refers to an 'appeal of the Board's denial of [a] motion for reconsideration,' not to an appeal of the

original [B]oard decision." *Id.* (brackets omitted) (citing Resp't's App. 67).

In *Henderson v. Shinseki*, the Supreme Court reversed this court, concluding the 120-day period to file a NOA to the Veterans Court is not jurisdictional. 131 S. Ct. 1197, 1204 (2011) (holding that because the deadline for filing an NOA with the Veterans Court does not have jurisdictional consequences, it is therefore subject to equitable tolling). As a result, this court and the Veterans Court have treated the filing period as subject to equitable tolling. *See, e.g.*, *Sneed v. Shinseki*, 737 F.3d 719, 726 (Fed. Cir. 2013); *Bove v. Shinseki*, 25 Vet. App. 136, 139 (2011).

It is undisputed that the Board on July 24, 2002, mailed notice of its decision to Mr. Helm denying his claims for disability compensation for hypercholesterolemia and that it was not until almost eleven years later, on May 6, 2013, that Mr. Helm filed his motion for reconsideration of the decision. In order for equitable tolling to occur, the petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231–32 (2014) ("As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some *extraordinary* circumstance prevents him from bringing a timely action." (emphasis added)).

Mr. Helm does not point to any extraordinary circumstance that caused his untimely filing; rather, his primary contention is that VA Form 4597, which was provided to him along with the Board's 2002 decision, and which provides guidance to a losing party about how to appeal a Board decision, was inadequate because it was "obso-

lete/non-current/not up-to-date."  Appellant's Br. 4 (capi-
talization modified).

The point of contention stems from an attachment to
VA Form 4597 concerning the Veterans Education and
Benefits Expansion Act of 2001, Pub. L. No. 107-103, 115
Stat. 976 (2001) (the "Amendment").  *See* Appellant's Br.
21.  Section 603(a) of the Amendment repealed section
402 of the Veterans' Judicial Review Act, Pub. L. No. 100–
687, 102 Stat. 4105, 4122 (1988), thus eliminating the
need for a party to file a Notice of Disagreement to pre-
serve the Veterans Court's jurisdiction.[3]  Pub. L. No. 107–

---

[3]  The notice in the attachment to VA Form 4597
reads:

IMPORTANT NOTICE: We have attached a VA Form
4597 that tells you what steps you can take if you
disagree with our decision.  We are in the process
of updating the form to reflect changes in the law
effective on December 27, 2001.  See the Veterans
Education and Benefits Expansion Act of 2001,
Pub. L. No. 107-103, 115 Stat. 976 (2001).  In the
meanwhile, *please note these important corrections
to the advice in the form*:

- These changes apply to the section en-
  titled "Appeal to the United States
  Court of Appeals for Veterans Claims."
  (1) A "Notice of Disagreement filed on
  or after November 18, 1988" is no long-
  er required to appeal to the Court. (2)
  You are no longer required to file a
  copy of your [NOA] with VA's General
  Counsel.

- In the section entitled "Representation
  before VA," filing a "Notice of Disa-
  greement with respect to the claim on

103, § 603(a), 115 Stat. 976. Mr. Helm does not show how the inclusion of a notice about the Amendment in VA Form 4597 constituted an "extraordinary circumstance" so as to impact his ability to comprehend the form's express statement that "[an] [NOA] must be filed with the [Veterans Court] within 120 days from the date of mailing of the notice of the [Board's] decision." Resp't's App. 31. In fact, he concedes the Amendment was academic to his ability to understand the instructions provided in the form. *See* Appellant's Reply Br. 11 ("I never indicated, at any time or in any manner, that [the Amendment] . . . [was] relevant to my appeal. Whether or not the filing a Notice of Disagreement (NOD) on or after November 18, 1988, *was a prerequisite to the Veterans Court is a moot point* and another distraction the Secretary's counsel is using to skirt the main focus of my argument; that because the VA directed me, in writing, *to 'note these important corrections to the advice in the form',* the form was 'obsolete/noncurrent/not up-to-date', thereby, inaccurate.") (emphases added).

Mr. Helm's argument is tautological. Although he agrees the Amendment did not constitute the basis of his misunderstanding of the instructions of the form, he nonetheless cites to the notice about the Amendment to argue that VA Form 4597 is "obsolete/noncurrent/not up-to-date." It is unreasonable for Mr. Helm, in one instance to concede the Amendment is academic and then, in another, to argue the Secretary's statements in the notice about the Amendment accompanying VA Form 4597 constitutes the basis for his claim. The mere inclusion of

---

or after November 18, 1988" is no longer a condition for an attorney-at-law or a VA accredited agent to charge you a fee for representing you.

Appellant's Br. 21 (emphasis added).

a notice apprising Mr. Helm of an Amendment which had no bearing on the requirement that he file his motion for reconsideration within the 120-day window cannot, without more, constitute the basis of his equitable tolling claim. If the Amendment is irrelevant, we fail to see how the specific language directing Mr. Helm's attention to the Amendment bears any significance.

Furthermore, to the extent Mr. Helm argues the inclusion of the notice rendered VA Form 4597 obsolete, he fails to sufficiently argue how a form apprising him of an Amendment which had no bearing on his dilatory conduct rendered the form "not up-to-date" or inaccurate. This court has "made clear that 'to benefit from equitable tolling, . . . a claimant [must] demonstrate three elements: (1) extraordinary circumstance; (2) due diligence; and (3) causation.'" *Toomer v. McDonald*, 783 F.3d 1229, 1238 (Fed. Cir. 2015) (quoting *Checo v. Shinseki*, 748 F.3d 1373, 1378 (Fed. Cir. 2014)). Here, Mr. Helm not only fails to show any *extraordinary circumstance* for the delay in filing his motion for reconsideration, he has shown no reasonable *causation* between the notice attachment apprising him of the Amendment and his untimely filing.

Along with the Board's July 2002 decision, and the notice attachment, Mr. Helm received VA Form 4597 stating that a direct appeal to the court must be filed within 120 days after notice of the Board's decision was mailed to him. Additionally, VA Form 4597 expressly states that if the Board receives a motion for reconsideration within 120 days from the date of mailing of the Board decision, and that motion is denied, the claimant is permitted to file an NOA within 120 days from the mailing date of the Board's denial. If the motion for reconsideration is granted, Form 4597 indicates an NOA may be filed within 120 days from the mailing date of the reconsideration decision. Resp't's App. 31 ("The [Veterans Court] has held that, if we receive your motion for reconsideration within 120 days from the date we mailed you the [Board's]

decision, you will still be able to file an [NOA] with the [Veterans Court] within a period of 120 days *from the date that the Board mails you either notice that it has denied your motion or notice of its decision on reconsideration.*") (emphasis added)).

Mr. Helm's second argument that his 2013 NOA was timely filed stands rejected. An NOA may be filed within 120 days of the date the Board mails notice of its denial of a motion for reconsideration *only if* the motion was filed within the 120-day notice window of the Board decision the petitioner requested to be reconsidered. Here, the Board issued its decision on July 24, 2002. However, it did not receive Mr. Helm's motion for reconsideration until May 14, 2013, almost eleven years after the Board's decision.

Because Mr. Helm received proper notice of the time for filing both an NOA and a motion for reconsideration, and because he has failed to show how his misunderstanding of such notice constitutes *extraordinary circumstance* or how the inclusion of a statement informing him of the Amendment *caused* the untimely filing of his motion for reconsideration, the doctrine of equitable tolling does not apply. Therefore, because Mr. Helm failed to timely appeal the Board's 2002 decision, we affirm the Veterans Court's decision to dismiss his appeal.

## CONCLUSION

For the foregoing reasons, the Veterans Court's decision dismissing Mr. Helm's appeal for want of jurisdiction is

## **AFFIRMED**

No costs.