# United States Court of Appeals for the Federal Circuit

---

**MARIELLA B. MASON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7038

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-1554, Judge William A. Moorman.

---

Decided: February 21, 2014

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Counsel, and RACHAEL T.

BRANT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before NEWMAN, MOORE, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

When an attorney successfully represents a veteran, the Veterans Administration ("VA") may, under certain circumstances, directly pay reasonable legal fees to the attorney from any past-due benefits awarded to the veteran. 38 U.S.C. § 5904(d). The VA pays the full award of past-due benefits to the veteran, however, when an attorney's direct-fee request is denied. This appeal addresses how long an attorney has to file a notice of disagreement ("NOD") with the VA to challenge its denial of a direct-fee request. For most types of claims, that period is one year. *See* 38 U.S.C. § 7105. But for "simultaneously contested claims," that period is only sixty days. 38 U.S.C. § 7105A.

Here, a VA regional office ("RO") applied § 7105A's sixty-day period to reject as untimely an NOD filed by an attorney ninety days after the VA denied his direct-fee request. On appeal, the Secretary posits that the RO's decision was in accord with the proper definition of a "simultaneously contested claim." He asserts that, because § 7105A is ambiguous, deference is due to the VA's definition of "simultaneously contested claim" in 38 C.F.R. § 20.3(p) and to the VA's guidance in its Claim Adjudication Manual (the "Manual") that denials of direct-fee requests should be treated as "simultaneously contested claims" subject to a sixty-day NOD period.

Both the Board of Veterans Appeals (the "Board") and the Court of Appeals for Veterans Claims (the "Veterans Court") affirmed. So do we. The Secretary's and the Manual's application of § 20.3(p) to direct-fee requests is premised on a controlling interpretation of the regulation.

We therefore hold that the sixty-day NOD period established in § 7105A applies to the denial of attorney fee requests under § 5904(d).

I

In 1997, Philip Corbin applied for disability compensation from the VA for injuries connected to his military service in Korea.  **[J.A. at 51]**  The RO denied Mr. Corbin's claim, and the Board affirmed that rejection in 1999.  Mr. Corbin then hired Appellant Mariella Mason's husband, Ken Mason, to represent him in his appeal of the Board's decision.[1]  Pursuant to 38 U.S.C. § 5904(d), Mr. Mason arranged with Mr. Corbin to be paid directly by the VA "a fee of twenty percent (20%) of the gross amount of any past-due VA disability benefits recovered." J.A. at 43-44.

Mr. Mason secured a remand order from the Veterans Court for his client.  But while Mr. Corbin's claim was being processed on remand, the VA received from Mr. Corbin what it believed to be a "new claim" for benefits, one for total disability based on individual unemployability ("TDIU").[2]  J.A. at 84.  That new claim was granted in October 2005, and the VA determined that Mr. Corbin was due approximately fifty-nine thousand dollars in past-due TDIU disability benefits.  Because of the agreement between Mr. Mason and Mr. Corbin, the VA withheld payment of an amount equal to twenty percent of those unpaid, past-due TDIU benefits.  **[J.A. at 98]**  The

---

[1]    Ms. Mason was substituted for Mr. Mason upon his death during the proceedings before the Veterans Court, well beyond the sixty-day NOD period we find applicable here.  **[BB at 1 n.1]**

[2]    After remand, the VA awarded Mr. Corbin disability benefits based on some of his originally claimed injuries.  Those awards are not relevant to our decision.

RO subsequently determined, however, that Mr. Mason was not eligible for direct payment of his legal fee. It reasoned that Mr. Corbin pursued his successful TDIU claim on his own and that the new claim was beyond the scope of the appeal for which Mr. Mason had been retained. **[J.A. at 96]**

The RO notified both Mr. Mason and Mr. Corbin in writing of its decision. That notice informed them that they had sixty days to file an NOD if they wished to dispute it.

> If you disagree with this determination, you may file a notice of disagreement (NOD). . . . To initiate appellate review, *an NOD must be filed with this office within 60 days after the date of this letter*. Since there is more than one party who may claim entitlement to the money being withheld as attorney fees in this case, the provisions relating to simultaneously contested claims are being applied. *See* 38 U.S.C. § 7105A.

J.A. at 97 (emphasis added).

Mr. Mason filed an NOD ninety days after the date of the RO's letter. Because his NOD was not filed within the prescribed sixty-day window, the RO rejected it as untimely. **[J.A. at 100]** The Board affirmed the RO's decision.

On appeal, the Veterans Court also affirmed. *Mason v. Shinseki*, 26 Vet. App. 1, 1 (2012). It concluded that "Congress ha[d] not directly spoken to the precise question of whether an attorney fees determination constitutes a simultaneously contested claim" under § 7105A. *Id.* at 6. It then turned to 38 C.F.R. § 20.3(p), which explains that a "[s]imultaneously contested claim refers to the situation in which the allowance of one claim results in the disallowance of another claim involving the same benefit or the allowance of one claim results in the pay-

ment of a lesser benefit to another claimant." The court did not find that definition dispositive though. *Id.* at 7 (explaining that § 20.3(p) "leaves the pertinent inquiry unresolved on its face"). It did find persuasive, however, the Manual's guidance that a denial of an attorney fee request should be treated as a simultaneously contested claim. It ultimately found the Manual's interpretation reasonable, not inconsistent with statute or regulation, and favorable to veterans. *Id.* at 8-9. As a result, the Veterans Court concluded that the VA properly applied the sixty-day filing period from § 7105A to Mr. Mason's NOD.

After an unsuccessful request to the Veterans Court for reconsideration of that decision, Ms. Mason filed a timely appeal with this Court. We have jurisdiction under 38 U.S.C. § 7292.

II

This case turns on whether Mr. Mason's NOD should have been subject to the one-year filing period of § 7105 instead of the sixty-day period imposed by § 7105A. More specifically, we must decide whether Mr. Mason's direct-fee request qualifies as a "simultaneously contested claim" under § 7105A. We hold that it does.

A

Denials of direct-fee requests are appealable to the Board. *Cox v. West*, 149 F.3d 1360, 1365 (Fed. Cir. 1998). To institute such an appeal, the aggrieved attorney must file an NOD. *See* § 7105(a). The Secretary is correct that only § 7105 and § 7105A control the time period during which that NOD must be filed. *See Cox*, 149 F.3d at 1365. One of those two statutes must therefore apply to direct-fee requests.

Section 7105 explains that, "[e]xcept in the case of simultaneously contested claims, notice of disagreement shall be filed within one year from the date of mailing of

notice. . . ." § 7105(b)(1). Section 7105A provides that, "[i]n simultaneously contested claims where one is allowed and one rejected, the time allowed for the filing of a notice of disagreement shall be sixty days from the date notice of the adverse action is mailed." 38 U.S.C. § 7105A(a). Neither statute, however, plainly addresses whether it applies to a direct-fee request.

In Ms. Mason's view though, § 7105 plainly applies to direct-fee requests. She argues that § 7105A applies only to simultaneously contested *claims* and direct-fee requests are not "claims." **[BB at 10]** She proposes that § 7105 has broader applicability because it contemplates the appeal of both claims and "actions."

However, Ms. Mason's reliance on the reference to "actions" in § 7105 as a basis for distinguishing between the applicability of the statutes is unavailing. Section 7105(c) reads: "If no notice of disagreement is filed in accordance with this chapter within the prescribed period, the *action or determination* shall become final and the claim will not thereafter be reopened or allowed, except as may otherwise be provided . . . ." § 7105(c) (emphasis added). Contrary to Ms. Mason's argument, that passage does not eliminate the requirement for a predicate *claim*. The language of § 7105(c) clearly states that if an "action or determination" is not appealed, then "*the claim*" cannot be "reopened or allowed." § 7105(c) (emphasis added).

Accordingly, the language of § 7105 and § 7105A provides no reason to distinguish between the applicability of either section to direct-fee requests.

B

Faced with this ambiguity in the statute, we turn to any interpretive regulations issued by the VA. *See Guerra v. Shinseki*, 642 F.3d 1046, 1049-50 (Fed. Cir. 2011); *Haas v. Peake*, 525 F.3d 1168, 1186 (Fed. Cir. 2008). In § 20.3(p), the VA explains that "[s]imultaneously contest-

ed claim refers to the situation in which the allowance of one claim results in the disallowance of another claim involving the same benefit or the allowance of one claim results in the payment of a lesser benefit to another claimant." 38 C.F.R. § 20.3(p). The Secretary asserts that *Chevron* deference is due to that regulatory definition because the applicability of § 7105A is unclear in this case. **[RB at 19-20]** We agree. Because the meaning of "simultaneously contested claims" in § 7105A is ambiguous, deference is due if the VA's interpretation is "based on a permissible construction of the statute"—which it is. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984).[3] The definition in the regulation aligns with an ordinary understanding of the term "simultaneously contested." It seems quite natural to refer to claims as "simultaneously contested" if the allowance of one prevents the allowance of another or reduces the payment awarded to another claimant.

Since § 20.3(p) is entitled to deference, the Secretary asserts that it controls the outcome of this appeal. According to the Secretary, the regulation's definition of simultaneously contested claim "encompasses the situation where an attorney or claimant appeals an eligibility determination for direct payment of fees" because the allowance of a direct-fee request results in the "payment of a lesser benefit to another claimant," the veteran. Appellee's Br. at 20. The Secretary argues the VA's instruction in the Manual to treat direct-fee requests as

---

[3]   We note that the VA had the authority to interpret § 7105A by regulation pursuant to its general rulemaking authority. *See* 38 U.S.C. § 501; *see also Haas v. Peake*, 525 F.3d 1168, 1186 (Fed. Cir. 2008) (explaining that Congress's grant of general rulemaking authority to the VA authorized the VA to issue interpretive regulations for an act related to veterans benefits).

simultaneously contested claims supports his interpretation of the regulation. Even if reasonable minds could disagree over such an interpretation and application of § 20.3(p) to direct-fee requests, the Secretary asserts that the VA's interpretation must control. We agree.

An agency's interpretation of its own regulations is "controlling unless plainly erroneous or inconsistent with the regulations being interpreted." *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 171 (2007) (internal quotation marks omitted); *see Auer v. Robbins*, 519 U.S. 452, 461 (1997); *Haas*, 525 F.3d at 1186; *see also Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (holding that an agency's interpretation of its regulations is entitled to "substantial deference" unless "an alternative reading is compelled by the regulation's plain language"). That is true even if the interpretation was not subject to notice and comment rule making, *Haas*, 525 F.3d at 1197, or was "issued only to internal [agency] personnel," *Long Island Care*, 551 U.S. at 170-71. And it does not matter if the agency's interpretation has changed over time, *Long Island Care*, 551 U.S. at 170-71, or "comes to us in the form of a legal brief," *Auer v. Robbins*, 519 U.S. 452, 462 (1997). What matters is that an agency's "interpretation of its own regulation reflects its considered views" and is not "merely a post hoc rationalization of past agency action." *Long Island Care*, 551 U.S. at 171 (internal quotation marks and correction omitted); *see Auer*, 519 U.S. at 462.[4]

---

[4] The "rule does not apply," however, "if a particular regulation merely 'parrots' statutory language, because if it did, an agency could bypass meaningful rule-making procedures by simply adopting an informal 'interpretation' of regulatory language taken directly from the statute in question." *Haas*, 525 F.3d at 1186; *see Gonzales v. Oregon*, 546 U.S. 243, 257 (2006). Here, § 20.3(p) does

Here, such controlling "considered views" are reflected in the Secretary's position on appeal and in the Manual's instruction to treat direct-fee requests as simultaneously contested claims. First, it is clear that both the Secretary's position in this appeal and the Manual concern the VA's interpretation of § 20.3(p). Although the Manual does not specifically cite § 20.3(p), it is apparent that the sections regarding the applicability of § 7105A to direct-fee requests interpret § 20.3(p): the Manual duplicates the regulation's exact language and syntax. *See, e.g.*, Manual, M21-1MR, Part III, Subpart vi, Chapter 6, Section A-1-a (explaining in part that a "contested claim exists when . . . a favorable decision on one claim requires . . . the denial of the other claim, or . . . payment of a lesser benefit to the other claimant); J.A. at 140, M21-1MR, Part IV, Chapter 5, Section 5.01, *Identification of Contested Claims* (historical version, superseded May 10, 2007) ("a. Definition. The provisions of this chapter apply to claims filed by 2 or more persons for the same benefit. A claim is considered contested if a favorable decision on one claim requires disallowance of the other claims or payment of a lesser benefits, and one claimant contests the allowance or payment of that benefit to the other claimant.").

Second, neither the Secretary's position nor the Manual appears to be a mere post hoc rationalization of the VA's actions here. We are not aware of any situations in which the Secretary or the VA has espoused a different view on the applicability of § 20.3(p) to direct-fee requests. Indeed, the Manual consistently instructs that direct-fee requests should be handled as simultaneously contested

---

more than merely parrot the language of § 7105A; it elaborates on the statutory phrase "simultaneously contested claims" to encompass the situation in which "the allowance of one claim results in the payment of a lesser benefit to another claimant." 38 C.F.R. § 20.3(p).

claims and has done so since at least 2003. *See, e.g.*, Manual, M21-1MR, Part I, Chapter 3, Section C-17-a (citing § 7105A and explaining that "fee eligibility decisions are considered contested claims, as two parties are involved" and that the period of appeal, "[r]egardless of whether the decision is an award or denial of fees," is sixty days); M21-1MR, Part III, Subpart vi, Chapter 6, Section A-1-e (instructing that direct-fee payment requests after failure to withhold twenty percent of past-due benefits is a contested claim); M21-1MR, Part I, Chapter 3, Section C-21-Exhibit 3 (form letter for distribution to an attorney and his veteran client indicating denial of a direct-fee request and referring each party to VA Form 4107c regarding appeal rights and procedures for "Contested Claims"); J.A. at 144, M21-1MR, Part I, Chapter 3, Section C-18-a, *Time Limit for Appeal of Attorney Fee Decision* (historical version dated June 11, 2003) (instructing that the "claimant and his/her attorney have . . . 60 days to file a NOD"); *see also* M21-1MR, Part I, Chapter 3, Section C-17-i (instructing that reasonableness reviews of attorney fee requests are also subject to the "time for filing an NOD under 38 U.S.C. 7105A").

Last, reading the definition of simultaneously contested claims in § 20.3(p) to encompass direct-fee requests is not plainly erroneous or inconsistent with § 20.3(p). *See Long Island Care*, 551 U.S. at 171. Section 20.3(p) provides that simultaneously contested claims include the situation in which "the allowance of one claim results in the payment of a lesser benefit to another claimant." Direct payment of attorney fees under § 5904(d) results in lesser payments to veterans based on the award of past-due benefits. And direct-fee requests concern contested claims: one by an attorney and one by a veteran, both directed at recovery of a portion of a payment of funds based on an award of past-due benefits. *See Scates v. Principi*, 282 F.3d 1362, 1369 (Fed. Cir. 2002) ("[A veteran], . . . has a substantial, immediate and direct financial

interest in [an] attorney fee claim, since the [VA]'s payments to [the attorney] will be made from the twenty percent of [the veteran's] accrued benefits that the [VA] withheld for that purpose. If less than the twenty percent is paid to [the attorney], presumably the balance will be paid to [the veteran].").

We therefore conclude that the VA's interpretation of § 20.3(p) controls,[5] and we hold that denials of direct-fee requests made pursuant to § 5904(d) are subject to the sixty-day NOD period prescribed by § 7105A(a). *See Haas*, 525 F.3d at 1197 (holding that a "pertinent provision of [the Manual]" was a controlling interpretation of the VA's regulations).

III

Because the sixty-day NOD period of § 7105A applies to the denials of direct-fee requests, the Veterans Court did not commit legal error in holding that Mr. Mason's filing of his NOD ninety days after the RO's denial of his

---

[5] We also note that the VA's position abides by the general principle that "interpretive doubt is to be resolved in the veteran's favor." *Brown v. Gardner*, 513 U.S. 115, 118 (1994). After rejecting an attorney's direct-fee request, the VA withholds the contested funds until the conclusion of the attorney's appeal or, if no appeal is filed, the period for filing an NOD. *See* Manual, M21-1MR, Part I, Chapter 3, Section C. 17.a. As the Veterans Court aptly reasoned, applying a sixty-day NOD period to the denial of direct-fee requests favors veterans because full payment to a veteran will not be withheld "for an entire year merely to allow an attorney—supposedly well-versed in veterans law—an additional 305 days to file an NOD." *Mason*, 26 Vet. App. at 9.

request for direct payment of his legal fees was untimely. We therefore affirm the decision of the Veterans Court.

## AFFIRMED

### COSTS

No costs.