# United States Court of Appeals for the Federal Circuit

---

**MARION ALDRIDGE,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7115

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-3656, Judge Alan G. Lance, Sr., Judge Robert N. Davis, Judge William Greenberg.

---

Decided: September 9, 2016

---

NATALIE A. BENNETT, McDermott, Will & Emery LLP, Washington, DC, argued for claimant-appellant. Also represented by LEIGH J. MARTINSON, Boston, MA.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, SCHALL, and TARANTO, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* SCHALL.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

SCHALL, *Circuit Judge.*

Marion Aldridge appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that dismissed as untimely his appeal from a final decision of the Board of Veterans Appeals ("Board"). *Aldridge v. McDonald*, 27 Vet. App. 392, 394 (Vet. App. 2015). We *affirm*.

BACKGROUND

Mr. Aldridge served on active duty in the United States Marine Corps from January of 1984 to May of 1992. On December 24, 2013, the Board denied his claim for a disability rating higher than 10% for his right-knee patellofemoral syndrome and his claim for a disability rating higher than 10% for his left-knee patellofemoral syndrome. J.A. 59–60. The Board informed Mr. Aldridge that, if he wished to challenge its decision, he had 120 days to file a notice of appeal with the Veterans Court. J.A. 69; *see also* 38 U.S.C. § 7266(a) (providing that a person adversely affected by a final decision of the Board "shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed"). Any appeal by Mr. Aldridge thus was required to be filed by April 23, 2014.

The Veterans Court received a notice of appeal from Mr. Aldridge on October 27, 2014, more than six months after it was due. J.A. 75. After the Secretary filed a motion to dismiss the appeal, the Veterans Court ordered Mr. Aldridge to explain why his appeal should not be dismissed as untimely. Responding to the Veterans Court's order, Mr. Aldridge acknowledged that his appeal was late under § 7266(a). He stated, however, that deaths

in his family and his resulting depressive state had prevented him from timely filing his notice of appeal. Specifically, Mr. Aldridge recounted in an affidavit that his mother died on September 27, 2013; that his daughter gave birth to a stillborn child on December 16, 2013; and that his sister passed away on January 14, 2014. J.A. 34–35. Mr. Aldridge averred that he was "severely depressed for at least nine months" following the death of his mother and that, because of his depressive state and his focus on his family, he did not appreciate that he was required to file a notice of appeal by April 23, 2014. J.A. 37. Stating that it was "around the summer of 2014" that he recovered from his depressive state and was able to consider the need to file his appeal, J.A. 37, he asked the Veterans Court to apply the doctrine of equitable tolling and thereby deem his October 27 notice of appeal timely, *see* J.A. 31.

The Veterans Court began its consideration of Mr. Aldridge's request by noting that the Supreme Court has determined that equitable tolling is appropriate when an appellant demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Aldridge*, 27 Vet. App. at 393 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). Focusing on the second prong of the *Holland* test, the Veterans Court determined that Mr. Aldridge had failed to demonstrate that the deaths of his mother and sister and the stillborn birth of his grandchild "themselves directly or indirectly affected the timely filing of his appeal." *Aldridge*, 27 Vet. App. at 393. The court arrived at this determination after noting that Mr. Aldridge stated that, during the period of his depression, he closed the estates of his deceased mother and sister, became his elderly father's primary caregiver, maintained his job as a desk clerk at a Veterans Affairs hospital, and attempted to hire a law firm to represent

him in his appeal. *Id.* "Given these facts," the court stated, it was "unconvinced that Mr. Aldridge's depression rendered him incapable of handling his affairs or otherwise directly or indirectly prevented his appeal from being timely filed." *Id.* Having concluded that Mr. Aldridge had failed to demonstrate "facts sufficient to justify equitable tolling," the court dismissed his appeal. *Id.* at 393, 394. One judge dissented on the ground that, in his view, the facts presented by Mr. Aldridge justified equitable tolling. *Id.* at 396 (Greenberg, J., dissenting). Mr. Aldridge has timely appealed from the dismissal of his appeal.

## DISCUSSION

Our ability to review a decision of the Veterans Court is limited. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, except to the extent that an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

## I.

Mr. Aldridge makes three arguments on appeal. First, he contends that, in denying him equitable tolling, the Veterans Court applied a legal standard that is inconsistent with the decision of the Supreme Court in *Holland*. *See* Appellant Opening Br. 17–18. Second, he argues that application of the correct legal standard to

what he characterizes as "the undisputed facts" of the case establishes that he is entitled to equitable tolling. *See id.* at 18–19. And third, he urges that, even if the Veterans Court did not apply an incorrect legal standard, it still erred as a matter of law when it determined that no "extraordinary circumstance stood in his way" so as to prevent timely filing of his notice of appeal. *Id.* at 19–20. Specifically, Mr. Aldridge argues that the court necessarily took an incorrectly narrow view of what constitutes an "extraordinary circumstance" when it determined that, because he was able to address certain matters in his life when he claimed he was in a depressive state, an "extraordinary circumstance" did not exist. *Id.* According to Mr. Aldridge, "[n]othing in the case law forecloses the possibility that [his] circumstances qualify as a basis for equitable tolling, even if he was not fully incapacitated by his grief." *Id.* at 41.

We have jurisdiction to consider Mr. Aldridge's first argument—that the Veterans Court applied a legal standard that is inconsistent with Supreme Court precedent—because it represents a challenge to the Veterans Court's interpretation of a rule of law; namely, the rule as to what must be shown to establish equitable tolling. We do not reach Mr. Aldridge's second argument because, as set forth below, we conclude that the Veterans Court did not apply an incorrect legal standard when it denied his request for equitable tolling. Mr. Aldridge's third argument is beyond our jurisdiction. Although Mr. Aldridge couches this argument in legal terms, urging that the Veterans Court took an incorrectly narrow view of what constitutes an "extraordinary circumstance," the argument ultimately seeks a fact-based analysis that we may not undertake. *Cook v. Principi*, 353 F.3d 937, 937–38 (Fed. Cir. 2003) (dismissing for lack of jurisdiction because the requested review "ultimately reduce[d] to an application of the law to facts," where the veteran "present[ed] his argument as a legal premise couched in terms

of statutory interpretation"). What the Veterans Court did was simply look at the various tasks that Mr. Aldridge said he performed during the period he was depressed and conclude that his ability to perform those tasks indicated that he was not confronted with a *Holland*-like "extraordinary circumstance." In other words, contrary to Mr. Aldridge's assertion, the court did not impose a *per se* requirement of full incapacitation. The court merely applied law to fact, and review of that decision is not within our jurisdiction. *See Leonard v. Gober*, 223 F.3d 1374, 1375–76 (Fed. Cir. 2000) (dismissing appeal because "we lack[ed] jurisdiction to consider the application of equitable tolling" to the facts of the case, which included determining whether untimely filing of the veteran's appeal was "not due to neglect but rather to events beyond her control"); *Sullivan v. McDonald*, 815 F.3d 786, 789 (Fed. Cir. 2016) (explaining that "[w]e may not review factual determinations or application of law to fact" (citing 38 U.S.C. § 7292(d)(2))).

## II.

We turn now to Mr. Aldridge's argument that we have jurisdiction to consider: his contention that, in denying him equitable tolling, the Veterans Court applied a legal standard that is inconsistent with the decision of the Supreme Court in *Holland*. As noted, after citing the two-pronged test set forth in *Holland* and examining the facts before it, the Veterans Court determined that Mr. Aldridge had failed to demonstrate that the deaths of his mother and sister and the stillborn birth of his grandchild "themselves directly or indirectly affected the timely filing of his appeal." *Aldridge*, 27 Vet. App. at 393. On this basis, the court concluded that Mr. Aldridge had failed to demonstrate that he was confronted with an "extraordinary circumstance," as required by *Holland*, and it denied him equitable tolling. *Id.* at 394. Mr. Aldridge argues that the Veterans Court's use of a causation analysis (i.e.,

"directly or indirectly affected") was contrary to *Holland*. He states:

> Instead of requiring the party petitioning for equitable relief to show that the missed deadline was a "but for" consequence of the extraordinary circumstances, the Supreme Court [in *Holland*] imposed a simpler paradigm. The legal standard that was adopted, "some extraordinary circumstance stood in [the] way and prevented timely filing," focuses on whether the extraordinary circumstances created a roadblock to timely filing as opposed to a metaphorical chain of causation that links events through time. This distinction is critical in this case, where Mr. Aldridge faces a serious roadblock, or impediment, to timely filing.

Appellant Opening Br. 28 (second alteration in original). Mr. Aldridge elaborates that the Veterans Court's use of what he refers to as "a standalone 'causation' prong" placed "a heavier burden on the veteran than showing some threshold connection between extraordinary circumstances and the untimely filing," which, he says, is all that *Holland* requires. *See* Appellant Reply Br. 3–4. Mr. Aldridge states that he is "entitled to have the undisputed evidence evaluated under the correct standard." Appellant Opening Br. 31. He concludes by asking us to remand his case to the Veterans Court, adding that, on remand, the court "should adhere to the language in *Holland* and ask, simply, whether the deaths in [his] family and his ensuing depression stood in his way and prevented timely filing." *Id.*

Having considered Mr. Aldridge's arguments, we are unable to agree that, in denying his request for equitable tolling, the Veterans Court applied an incorrect legal standard. The requirement of prong two of *Holland*—that an appellant demonstrate that "'some extraordinary circumstance stood in his way' and prevented timely

filing," 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))—necessarily carries with it an element of causation. That is because when something "stands in the way" and "prevents" another thing from happening, it is "causing" that other thing not to happen. In fact, this is precisely what the Supreme Court made clear this year in *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750 (2016). The Court stated: "We . . . reaffirm that the second prong of the equitable tolling test is met only where the circumstances that *caused* a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (first emphasis added). Moreover, decisions of this court are consistent with what the Supreme Court said in *Menominee. See, e.g.*, *Toomer v. McDonald*, 783 F.3d 1229, 1238 (Fed. Cir. 2015) ("[T]his court has made clear that 'to benefit from equitable tolling, . . . a claimant [must] demonstrate three elements: (1) extraordinary circumstance; (2) due diligence; and (3) causation.'" (second alteration in original) (quoting *Checo v. Shinseki*, 743 F.3d 1373, 1378 (Fed. Cir. 2014))). In sum, the Veterans Court did not apply an incorrect legal standard when it determined that Mr. Aldridge had failed to demonstrate that the deaths in his family "themselves directly or indirectly affected the timely filing of his appeal."

## CONCLUSION

For the foregoing reasons, the decision of the Veterans Court dismissing Mr. Aldridge's appeal as untimely is affirmed.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.

# United States Court of Appeals
# for the Federal Circuit

---

**MARION ALDRIDGE,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7115

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-3656, Judge Alan G. Lance, Sr., Judge Robert N. Davis, Judge William Greenberg.

---

NEWMAN, *Circuit Judge*, dissenting.

This case puts judicial humanity to the test; the Federal Circuit and the Court of Appeals for Veterans Claims[1] fail the test.

Mr. Aldridge was six months late in filing a notice of appeal to the Veterans Court from a decision of the Board of Veterans Appeals. He explained the deaths of his mother, sister, and grandchild, all within four months. He explained his grief, his depression, and his focus on

---

[1] *Aldridge v. McDonald*, 27 Vet. App. 392 (Vet. App. 2015) ("Vet. Ct. Op.").

the needs of his family as well as the legal obligations he bore. He explained his role as caretaker for his elderly father, his emotional support for his daughter after the stillbirth of his grandchild, and his employment obligations. He explained that his attention to the needs of others overcame important matters in his own life, including the timely filing of this notice of appeal.

The Veterans Court (by split decision) concluded that the veteran was indeed capable of filing a timely notice of appeal, stating that there is "no support in the jurisprudence of either this Court, the U.S. Court of Appeals for the Federal Circuit, or the Supreme Court that would counsel the application of equitable tolling to the facts of this case as they have been presented." Vet. Ct. Op. at 394. The Veterans Court held that equitable tolling is not available because Mr. Aldridge was not "rendered incapable of handling his affairs." *Id.* at 393.

My colleagues on this panel agree, explaining that "Mr. Aldridge had failed to demonstrate that the deaths in his family 'themselves directly or indirectly affected the timely filing of his appeal.'" Maj. Op. at 8. That is not the correct standard. Equity requires not only justice and fairness, but a realistic and humane perspective on how the facts of life and death can affect human behavior. Equity is "flexible jurisdiction . . . to protect all rights and do justice to all concerned." *Providence Rubber Co. v. Goodyear*, 76 U.S. 805, 807 (1869).

Federal Circuit precedent has recognized that equitable tolling is available in "extraordinary circumstances," and we have rejected the "suggestion that equitable tolling is limited to a small and closed set of factual patterns and that equitable tolling is precluded if a veteran's case does not fall within those patterns." *Mapu v. Nicholson*, 397 F.3d 1375, 1380 (Fed. Cir. 2005). In *Sneed v. Shinseki*, 737 F.3d 719 (Fed. Cir. 2013), the court stated that there are no "exclusive parameters of equitable

tolling"), *id.* at 726, and held that "the Veterans Court's analysis focused too narrowly on whether [the] case fell into one of the factual patterns of past cases considering § 7266(a)," *id.* at 724.

The pattern-seeking analysis that is here imposed against Mr. Aldridge is exactly the kind of "improperly narrow standard for equitable tolling" that was disclaimed in *Sneed*. *Id.* at 724. Yet the court now rejects this flexibility, instead stating that the "rule of law" controls whether to "establish equitable tolling." Maj. Op. at 5. Equity is not controlled by the rules of law. Equity includes not only what the law tells judges we may do, but is the "power to moderate and temper the written law, [subject] only to the law of nature and reason." Samuel Johnson, Dictionary of the English Language (1756).

Although the time limit for appeal from the BVA to the Veterans Court is not "jurisdictional," the VA argues that only incapacity of the veteran is an acceptable ground of equitable tolling. Precedent recognizes, but does not require, incapacity. The Court instructs that equity is adaptable to the circumstances:

> [C]ourts of equity can and do draw upon decisions made in other similar cases for guidance. Such courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.

*Holland v. Florida*, 560 U.S. 631, 650 (2010). Such "special treatment" must take account of all of the circumstances confronting the veteran, particularly in light of the statutory (as well as equitable) requirements of special consideration to veterans. It cannot be that because Mr. Aldridge was not hospitalized for his depression, or other manifestation of incapacity, equitable tolling is not available.

Consideration of the circumstances includes considering what is sought to be tolled, and the consequences of tolling in the particular case:

> "[Equitable relief] is not a matter of right in either party; but is a matter of discretion in the Court; not of arbitrary or capricious discretion, dependent upon the mere pleasure of the Judge, but of that sound, and reasonable discretion, which governs itself, as far as it may, by general rules and principles; but at the same time, which withholds or grants relief, according to the circumstances of each particular case, when these rules and principles will not furnish any exact measure of justice between the parties."

Joseph Story, *Equity Jurisprudence* § 742 (1st ed. 1836). The circumstances affecting Mr. Aldridge must be considered, along with the consequences to the government. It is relevant that no government or other entity was prejudiced by this delay in appeal from the BVA; no records were lost or destroyed; no witness departed; no military or civilian action prejudiced. There is no monetary consequence, no extra draw on governmental resources.

The government argues, and the panel majority agrees, that since equitable tolling depends on the particular facts, this court has no jurisdiction to review the denial, no matter how strong the draw on equity. However, "this court has jurisdiction to consider whether the Veterans Court employed an improperly narrow standard for equitable tolling under § 7266(a)." *Sneed*, 737 F.3d at 724. The court has also recognized that veterans are "vulnerable litigants" who are typically unrepresented by counsel. *Dixon v. Shinseki*, 741 F.3d 1367, 1376 (Fed. Cir. 2014). Mr. Aldridge was not represented by counsel at the BVA, for counsel would routinely have filed a timely notice of appeal.

This court has been assigned the responsibility for assuring that the legislative purpose of establishing a veteran-friendly regime is implemented. This case should never have come this far. On the undisputed circumstances that existed in this veteran's family, the VA could readily have allowed the tardy appeal from the BVA to the Veterans Court. Instead, we see the government in uncompromising litigation to prevent this veteran from appealing the BVA decision on his percentage disability, straining precedent to its equivocal limits. What happened to the recognition that "the veterans benefit system is designed to award 'entitlements to a special class of citizens, those who risked harm to serve and defend their country. This entire scheme is imbued with special beneficence from a grateful sovereign.'" *Bailey v. West*, 160 F.3d 1360, 1370 (Fed. Cir. 1998).

The question before the court is whether the circumstances excuse the untimely filing. Equity is no more confined to a few narrow categories than are humanity, reason, and justice. I respectfully dissent.