ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                   )
                                               )
The Adamant Group for Contracting and          )        ASBCA No. 60316
  General Trading                              )
                                               )
Under Contract No. W91QEK-04-W-4987            )

APPEARANCE FOR THE APPELLANT:           Mr. Bassim Ali
                                        Owner

APPEARANCES FOR THE GOVERNMENT:         Raymond M. Saunders, Esq.
                                          Army Chief Trial Attorney
                                        MAJ Bruce L. Mayeaux, JA
                                        CPT Harry M. Parent III, JA
                                          Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

In this appeal, The Adamant Group for Contracting and General Trading
(Adamant) seeks payment for cement that was the subject of a 2004 contract with the
United States Army. The government correctly observes that Adamant's claim is
time-barred. Accordingly, summary judgment is granted to the government.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The following facts are uncontroverted.

On 27 September 2004, the United States Army Contracting Command-SWA
awarded the firm-fixed-price contract referenced above to Adamant (R4, tab 1). Adamant
was to deliver 650 tons of bulk cement to LSA Anaconda, along with a 30-ton silo, and
receive payment of $85,550 ($81,250 for the cement and $4,300 for the silo) (R4, tab 1
at 1-2). Adamant delivered the silo and invoiced the government $4,300 for it on
5 October 2004 (R4, tabs 2-3). The government's representative, 1LT David Hamilton,
executed a DD Form 250 noting receipt on that date (R4, tab 2). On 13 October 2004,
Adamant's owner, Mr. Bassim Ali, emailed 1LT Hamilton that he had not yet received
payment for the silo and that he would visit 1LT Hamilton the next day. On 14 October,
1LT Hamilton responded that the matter had "been submitted to contracting" and that
Mr. Ali "need[ed] to go see contracting 1LT Turner." (R4, tab 6 at 2)

Nearly nine years later, on 25 September 2013, Mr. Ali contacted Ms. Joan Wysoske, Chief, Reachback Closeouts of the United States Army Contracting Command-Rock Island, requesting help on an open contract, saying he had not received payment. Subsequent emails continuing into 2015 informed Mr. Ali that information about the contract could not be located. (Compl., attachs.; R4, tabs 5-6, 8, 10-13)

On 23 July 2015, Mr. Mark Paulson, a Reachback Division Contract Specialist, notified Mr. Ali he had been assigned to the case and reiterated the need for information. On 27 July, Mr. Ali provided to the government an invoice dated 5 October 2004 for 650 tons of cement in the amount of $81,250, and an undated DD Form 250 for the same product and price, both bearing 1LT Hamilton's name as the purported recipient. (R4, tab 11) The government disputed those documents, and by email dated 18 August 2015 Mr. Paulson informed Mr. Ali that the invoice would not be paid (R4, tabs 12-14). In an email to Mr. Paulson dated 20 September 2015, Mr. Ali complained about the "frozen payment" of his invoice and requested Mr. Paulson ask 1LT Turner, who Mr. Ali previously identified as the contracting officer (R4, tab 12 at 2), to address the issue (R4, tab 13 at 1-2). By email dated 7 November 2015, Mr. Ali filed a notice of appeal with the Board. On 24 November he filed a complaint stating that he received the silo payment but was "still looking for the Bulk Cement payment." The complaint attached Mr. Ali's 5 October 2004 invoice and DD Form 250.

## DECISION

The government seeks summary judgment because Adamant failed to submit a claim to the contracting officer within six years of its accrual, as required by the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. Under the CDA, the Board's jurisdiction is dependent upon Adamant submitting a written claim to the contracting officer, followed by a decision or deemed denial. 41 U.S.C. § 7102-7105; *Taj Al Safa Co.*, ASBCA No. 58394, 13 BCA ¶ 35,278. Though not a condition of jurisdiction, the CDA also requires the claim to be submitted within six years after its accrual. 41 U.S.C. § 7103(a)(4); *Menominee Indian Tribe of Wis. v. United States,* 136 S. Ct. 750, 757 (2016); *Sikorsky Aircraft Corp. v. United States,* 773 F.3d 1315, 1320 (Fed. Cir. 2014). The government correctly declines to suggest there is no claim. Indeed, after the government stated on 18 August 2015 that Adamant's invoice for the cement was rejected, Adamant complained in writing on 20 September to Mr. Paulson about the government's refusal to pay and requested that the matter be forwarded to 1LT Turner, who it apparently believed was the contracting officer. *See* FAR 2.101 (a voucher or invoice may be converted to a claim through written notice to the contracting officer); *CCIE & Co.,* ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 (subsequent queries seeking payment of an invoice converts a routine request for payment into a claim). Claims submitted to the contracting officer's primary contact, and that are reasonably calculated to be received by the contracting officer for decision, meet the submission requirements. *Neal & Co. v. United States,* 945 F.2d

2

385, 388-89 (Fed. Cir. 1991); *Heritage Reporting Corp.,* ASBCA No. 50173 *et al.,* 98-2 BCA ¶ 29,996 at 148,351 (submission of a claim must be reasonably calculated to be received by the contracting officer to decide). Thus, Adamant notified the contracting officer's contact in writing on 20 September 2015 that it was converting its invoice to a claim and expected it to be forwarded to the contracting officer. Accordingly, satisfactory evidence exists that Adamant submitted a claim.

Acknowledging the Board's jurisdiction, the question remains whether Adamant's claim was timely submitted within six years after its accrual. 41 U.S.C. § 7103(a)(4). Summary judgment will be granted on this issue if there are no genuine issues as to a material fact and the government is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A claim accrues when "all events, that fix the alleged liability...and permit assertion of the claim, were known or should have been known." *Raytheon Missile Sys.,* ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,017 (quoting FAR 33.201). "A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim." FAR 2.101. However, "[t]he submission may be converted to a claim, by a written notice to the contracting officer...if it is...not acted upon in a reasonable time." *Id.* Adamant provided to Mr. Paulson, and attached to its complaint, an invoice for 650 tons of cement dated 5 October 2004. Assuming the invoice's authenticity for the purpose of this motion, Adamant knew or should have known that it could convert the invoice to a claim through a written notice to the contracting officer within a reasonable time after it allegedly submitted it. However, the earliest the record shows any communication seeking payment other than for the silos is 25 September 2013, nearly nine years after the invoice was allegedly submitted, well more than six years after the reasonable time necessary to wait before the invoice could be converted to a claim. Indeed, Adamant concedes it "did not file a claim...within six years" (app. opp'n at 1).

Adamant suggests it was barred from submitting its claim about the cement because of the underlying danger of accessing U.S. facilities in Iraq, essentially suggesting the statute of limitations should be equitably tolled (app. opp'n at 2; app. reply br. at 2). The CDA's six-year limitation upon the submittal of a claim may be equitably tolled when a litigant has (1) been pursuing his rights diligently, and (2) some extraordinary circumstance "stood in his way and prevented timely filing." *Menominee Indian Tribe,* 136 S. Ct. at 755 (quoting *Holland v. Florida,* 560 U.S. 631 (2010)); *see also Aldridge v. McDonald,* 2016 WL 4709877, at *3-4 (Fed. Cir. Sept. 9, 2016) (applying *Menominee* and *Holland*).[*] Adamant has failed to provide any reason it could not submit a claim for the cement as early as 2004. It alleges it invoiced for both the silo and the cement on the same date, 5 October.

---

[*] *Menominee* explained that *Holland* is a habeas case and that the Court had never held its equitable tolling test applied outside that context. Nevertheless, the Court applied *Holland*'s tolling test because the claimant tribe could not meet it and did not seek a more generous rule. The Court left open whether a stricter test should actually apply in nonhabeas cases. *Menominee,* 136 S. Ct at 756 n.2.

3

One invoice was paid and the other was not. Adamant was in email communication with 1LT Hamilton on 13 and 14 October about the silo payment and was told to contact 1LT Turner in contracting. Adamant concedes it communicated with the contracting office by email and phone as early as 2005 about the cement payment and was told to contact the contracting officer (app. reply br. at 1-2). Given that it was able to communicate with the contracting office, there is no reason given for why it could not submit a timely claim for the cement. Thus, there is no basis for concluding that Adamant diligently pursued its rights, and that some extraordinary circumstance prevented it from submitting its claim. For this reason, equitable tolling will not be recognized and Adamant's claim is time-barred.

## CONCLUSION

The government's motion for summary judgment is granted.

Dated: 29 November 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60316, Appeal of The Adamant Group for Contracting and General Trading, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5