NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RODOLFO RIVERA MUNOZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1628

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-2249, Judge Joseph L. Toth.

---

Decided:  October 12, 2022

---

RODOLFO RIVERA MUNOZ, II, San Antonio, TX, pro se.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, TARANTO, and STARK, *Circuit Judges*.

PER CURIAM.

Rodolfo Rivera Munoz ("Munoz") appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court dismissed Munoz's appeal of a decision of the Board of Veterans' Appeals after determining that his appeal was untimely under 38 U.S.C. § 7266(a) and not subject to equitable tolling.

Our jurisdiction and ability to review the Veterans Court in these matters is limited by statute. While a party may obtain review of a Veterans Court's decision on a rule of law or of any statute or regulation or any interpretation thereof, other than a determination as to a factual matter, "that was relied on by the Court in making the decision," 38 U.S.C. § 7292(a), and we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision," *id.* § 7292(c), we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless the appeal presents a constitutional issue, *id.* § 7292(d)(2).

Munoz does not raise any reviewable challenge. The Veterans Court dismissed Munoz's appeal on the ground that Munoz filed it too late under 38 U.S.C. § 7266 and made no adequate showing to support equitable tolling. The lateness is not in dispute, and Munoz does not challenge as legally erroneous the standard the Veterans Court articulated for the non-constitutional doctrine of equitable tolling, which requires proof of due diligence, an extraordinary circumstance, and a causal connection between that circumstance and the delay in appealing. *See, e.g., Aldridge v. McDonald*, 837 F.3d 1261, 1265-66 (Fed. Cir.

2016); *Toomer v. McDonald*, 783 F.3d 1229, 1238 (Fed. Cir. 2015). All he challenges is the application of that standard to the facts of his case, including the various circumstances he invoked to support equitable tolling. Examining this challenge would require the application of law to fact, a task that is outside our jurisdiction here. *See, e.g.*, *Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000).

We have considered Munoz's other issues and find that none of them affect the outcome. Accordingly, because we lack jurisdiction under 38 U.S.C. § 7292, we must dismiss the appeal.

## DISMISSED

### COSTS

No costs.